2020 IL App (1st) 191680

FIFTH DIVISION
August 14, 2020

No. 1-19-1680

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| BEST BUY STORES, L.P., | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | No. 2017 L 050591 |
| THE DEPARTMENT OF REVENUE; DAVID HARRIS, as Director of Revenue; and MICHAEL FRERICHS, as the Treasurer of the State of Illinois, | ) ) ) | |
| | ) | |
| Defendants-Appellees. | ) | Honorable Michael F. Otto, |
| | ) | Judge, presiding. |

JUSTICE DELORT delivered the judgment of the court, with opinion.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Best Buy Stores, L.P. (Best Buy), appeals from an order of the circuit court of

Cook County denying its motion for summary judgment and granting summary judgment in favor

of defendants the Illinois Department of Revenue (Department); Constance Beard,[1] Director of the

---

[1] David Harris replaced Beard and became Director of the Department during the pendency of this case. By operation of law, Harris is substituted as a defendant. See 735 ILCS 5/2-1008(d) (West 2020).

Department (Director); and Michael Frerichs, the Treasurer of the State of Illinois. Best Buy contends that the circuit court erred in rejecting its argument that that certain appliances, which Best Buy later installs in a purchaser's residence, are exempt from the retail occupancy tax. Best Buy also contends that imposition of the tax violates the uniformity clause of the Illinois constitution. We affirm.

¶ 2                                            BACKGROUND

¶ 3       Best Buy is a retailer of, among other things, consumer electronics and appliances. In its regular course of business, Best Buy also sometimes installs appliances in the purchasers' homes. When a customer purchases an appliance from Best Buy, the customer has three options: (1) pick up the appliance at the store and make their own arrangements for transportation and installation, (2) have Best Buy deliver but not install the appliance, or (3) have Best Buy deliver and install the appliance. If the customer chooses either of the first two options, Best Buy collects sales tax and remits it to the Department.

¶ 4       If, however, the customer chooses the third option—having Best Buy deliver and install the appliance—whether Best Buy collects sales tax depends upon, in Best Buy's opinion, "whether the installed appliance becomes part of the real property or retains its character as personal property." If, in Best Buy's opinion, the installed appliance is "incorporated into, and permanently affixed to, real estate," then Best Buy does not collect sales tax. Some of the appliances Best Buy considers to be incorporated into and permanently affixed to real estate include the following: "built-in dishwashers, over-the-range microwaves, wall ovens, cooktops installed on counters, range hoods, built-in refrigerators, and gas range/gas dryers."

¶ 5       When a customer opts to have Best Buy deliver and install the appliance, Best Buy and the customer enter into an "Appliance Installation Terms and Conditions Contract" (Installation

Contract). The Installation Contract provides, in relevant part that, for all installations the customer must have an existing appliance that Best Buy is replacing (except with respect to refrigerator water lines and air conditioners); all new parts and necessary accessories must be purchased at Best Buy; and if the customer is purchasing a range, "Anti-Tip brackets" might be installed that would require drilling into the floor under the range. The Installation Contract further states that "every" installation includes, in pertinent part, (1) the "direct replacement of an existing similar appliance only" (excluding refrigerator water lines, window air conditioning units, electric hardware, and the "Frigidaire Refrigerator/Freezer w/Trim Kit") and (2) the disconnection and removal of an "existing similar appliance from surrounding cabinets and fixtures."

¶ 6 On January 25, 2016, the Department sent Best Buy a "Notice of Proposed Liability" stating that, following an audit for the period July 2012 through December 2013, Best Buy had additional tax liability of $210,676. This amount comprised sales taxes on appliances Best Buy had unilaterally exempted from sales tax, as well as interest and penalties on the deficiency. After agreeing to Best Buy's request to abate the penalties but denying the request to set aside the proposed additional tax liability and interest, the Department sent a new notice of liability on April 4, 2017, totaling $192,147.58, including interest. Best Buy paid this amount on May 31, 2017, and then filed a complaint under the State Officers and Employees Money Disposition Act (commonly known as the Protest Monies Act) (30 ILCS 230/1 *et seq.* (West 2016)). In November 2018, the parties filed a joint stipulation of facts, which included various exhibits.

¶ 7 Best Buy and the Department subsequently filed cross-motions for summary judgment. Best Buy argued that, when it installs certain appliances, it is a construction contractor and not a retailer, and therefore, it was not obligated to collect and remit sales taxes on the appliances it sells and installs. Best Buy further argued sales tax liability on the appliances was unwarranted because

the appliances it installs are incidental to the installation contract and the appliances are incorporated into the real estate. Finally, Best Buy claimed that imposing sales tax on these types of transactions would violate the uniformity clause of the state constitution.

¶ 8 On July 29, 2019, following a hearing, the circuit court issued a written order granting the Department's motion for summary judgment and denying Best Buy's motion. The court determined that, under "[l]ong-standing Illinois law," Best Buy was a retailer, even when it contracts with a purchaser to install the appliances that Best Buy sells. The court also rejected Best Buy's claims that the appliances are furnished and installed as an incident of a construction contract and that the installed appliances were incorporated "into the [real property] structure as an integral part thereof." Finally, the court rejected Best Buy's constitutional challenge.

¶ 9 This appeal follows.

¶ 10 ANALYSIS

¶ 11 On appeal, Best Buy contends that the circuit court erred in denying its motion for summary judgment and granting the Department's motion. Best Buy argues that the court (1) improperly applied the "substance of the transaction test" to its installed-appliances transactions, (2) disregarded Illinois tax laws, regulations, and "Department guidance," (3) erred in finding that the built-in appliances at issue "can never be incorporated into real estate as an integral part thereof," and (4) erroneously rejected Best Buy's claim that the Department's assessment of sales tax in this case violates the uniformity clause of the state constitution. This court granted leave for the Coalition of Independent Appliance Sellers to file an *amicus curiae* brief in support of the appellees.

¶ 12 Since the parties filed cross-motions for summary judgment, they conceded that no material questions of fact existed and that only a question of law was involved that the court could decide

based on the record. *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. Nonetheless, the mere filing of cross-motions for summary judgment does not conclusively establish that there is no issue of material fact, nor is the circuit court obligated to enter summary judgment for either party. *Id.* We review the circuit court's decision as to cross-motions for summary judgment *de novo*. *Id.* ¶ 30; see also *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992) (circuit court's entry of summary judgment reviewed *de novo*). Finally, we review the judgment, not the reasoning, of the circuit court, and we may affirm on any grounds in the record, regardless of whether the court relied on those grounds or whether its reasoning was correct. *Leonardi v. Loyola University of Chicago*, 168 Ill. 2d 83, 97 (1995).

¶ 13                                    The Statutory Claim

¶ 14     Best Buy raises three interrelated issues surrounding the circuit court's interpretation of the Retailers' Occupation Tax Act (Act) (35 ILCS 120/1 *et seq.* (West 2018)) and various administrative regulations promulgated thereunder. Best Buy argues that "the substance of the transaction" test is inapplicable because, when Best Buy sells certain built-in appliances to customers and performs the installation, it acts as a "construction contractor" and need not collect and remit sales tax to the Department. Best Buy explains that, pursuant to various sections of the Illinois Administrative Code, (1) it meets the definition of a construction contractor, (2) the sale of the built-in appliances are incidental to a construction contract, and (3) the built-in appliances are permanently affixed to and an integral part of the real estate.

¶ 15     Resolution of this issue turns on the interpretation of the Act and the administrative regulations promulgated under it. Administrative regulations, which have the force and effect of law, are interpreted as if they were statutes. *Hartney Fuel Oil Co. v. Hamer*, 2013 IL 115130, ¶ 38 (citing *People ex rel. Madigan v. Illinois Commerce Comm'n*, 231 Ill. 2d 370, 380 (2008)). When

construing a statute, our goal is to "ascertain and give effect to the intent of the legislature." *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009). This inquiry begins with the language of the statute, "the best indicator of legislative intent." *Id.* Where the language in the statute is clear and unambiguous, we apply the statute as written without resort to extrinsic aids of statutory construction. *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 6-7 (2009).

¶ 16     Since all provisions of a statutory enactment are viewed as a whole, we do not construe words and phrases in isolation; instead, they are interpreted in light of other relevant portions of the statute. *Carver v. Sheriff of La Salle County*, 203 Ill. 2d 497, 507-08 (2003). We presume that the General Assembly did not intend absurdity, inconvenience, or injustice. *Id.* at 508. Finally, the Act must be given a " 'practical and common-sense construction.' " *Hartney*, 2013 IL 115130, ¶ 25 (quoting *Automatic Voting Machine Corp. v. Daley*, 409 Ill. 438, 447 (1951)).

¶ 17     The interpretation of statutes and regulations are questions of law that we review *de novo*. *Id.* ¶ 16. Nonetheless, although our standard of review is *de novo*, an agency's interpretation of its regulations and enabling statute are entitled to substantial weight and deference because " 'agencies make informed judgments on the issues based upon their experience and expertise and serve as an informed source for ascertaining the legislature's intent.' " *Id.* (quoting *Provena Covenant Medical Center v. Department of Revenue*, 236 Ill. 2d 368, 387 n.9 (2010)). Our review is not whether the regulation is the *best* possible implementation of the statute, only whether it is *permissible*. *Id.* ¶ 59.

¶ 18     In Illinois, taxation is the rule; tax exemption is the exception. *Oswald v. Hamer*, 2018 IL 122203, ¶ 12. Therefore, although a tax statute must be strictly construed against the government and in favor of the taxpayer (*Kankakee County Board of Review v. Property Tax Appeal Board*, 226 Ill. 2d 36, 52 (2007)), a statute providing an exemption is strictly construed in favor of taxation

and against exemption (*Quad Cities Open, Inc. v. City of Silvis*, 208 Ill. 2d 498, 507 (2004)). The party seeking the exemption must prove that it is entitled to it. *Id.* This is a "very heavy" burden. *Provena Covenant*, 236 Ill. 2d at 388. The Department's audit determination is considered *prima facie* evidence of the correct amount of tax due. 35 ILCS 120/4 (West 2018).

¶ 19 The Act imposes a tax on the occupation of retailing. See *id.* § 2 ("A tax is imposed upon persons engaged in the business of selling at retail tangible personal property ***."); accord *Hartney*, 2013 IL 115130, ¶ 30 (citing *Standard Oil Co. v. Department of Finance*, 383 Ill. 136, 142 (1943)). A retailer's tax liability under the Act is based upon a percentage of "gross receipts" from the sale of tangible personal property, which is defined as the "total selling price" of the tangible personal property that was sold. 35 ILCS 120/1, 2(a) (West 2018); *People ex rel. Lindblom v. Sears Brands, LLC*, 2018 IL App (1st) 171468, ¶ 5 (citing *Kean*, 235 Ill. 2d at 362). A retailer remits sales taxes collected from purchasers to the Department. *Lindblom*, 2018 IL App (1st) 171468, ¶ 5.

¶ 20 By contrast, a construction contract involves the incorporation of tangible personal property into real estate, and those contracts are not subject to sales tax on the labor furnished and tangible personal property (*e.g.*, materials and fixtures) incorporated into a structure. *Id.*; 86 Ill. Adm. Code 130.1940(c) (2000). "Contractor" is defined as any person who is engaged in "the occupation of entering into and performing construction contracts for owners." 86 Ill. Adm. Code 130.1940(a)(1) (2000).

¶ 21 Consequently, the "primary" or "real" occupation of the taxpayer determines the applicability of the Act. *Ingersoll Milling Machine Co. v. Department of Revenue*, 405 Ill. 367, 370 (1950). The primary occupation of the taxpayer is based upon the "substance of the transaction" test:

"If the article sold has no value to the purchaser except as a result of services rendered by the vendor and the transfer of the article to the purchaser is an actual and necessary part of the service rendered, then the vendor is engaged in the business of rendering service and not in the business of selling at retail. If the article sold is the substance of the transaction and the service rendered is merely incidental to and an inseparable part of the transfer to the purchaser of the article sold, then the vendor is engaged in the business of selling at retail." (Internal quotation marks omitted.) *H.D., Ltd. v. Department of Revenue*, 297 Ill. App. 3d 26, 34 (1998) (quoting *Spagat v. Mahin*, 50 Ill. 2d 183, 189 (1971)).

In essence, to establish an exemption from the Act, a taxpayer must show that the tangible property it sold to its customers had "no value to the customers except as a result of the services" the taxpayer rendered. *Id.* at 35.

¶ 22    In this case, the circuit court correctly granted the Department's motion for summary judgment and denied Best Buy's motion. The "articles" at issue here that Best Buy sells (various built-in appliances) have substantial value to a purchaser even without installation services. Best Buy concedes that it still sells appliances to purchasers who do not opt to have Best Buy perform the installation. As such, the substance of the transaction test establishes that Best Buy is a retailer, and we reject Best Buy's argument that it meets the definition of a construction contractor.

¶ 23    For the same reason, the sale of the built-in appliances is not merely incidental to a construction contract. Best Buy admitted in its stipulated facts that a purchaser can buy an appliance without engaging Best Buy for the installation. Clearly, the product (*i.e.*, the built-in

appliance) has value even in the absence of the service (the installation). Therefore, the circuit court correctly found that the installation service was incidental to the sale, and Best Buy is engaged in the occupation of selling at retail. See *id.* at 34.

¶ 24    Finally, the circuit court correctly found that the built-in appliances are not permanently affixed to and an integral part of the real estate. Best Buy's Installation Contract specifies that for *all* installations, the customer *must* have an existing appliance that Best Buy is replacing. The fact that the to-be-installed appliance is replacing a similar one would fatally undermine any characterization of either permanency or integrality. Best Buy's assertion that its built-in appliances may be "bolted or bracketed" into the real estate does not alter this conclusion.

¶ 25    In any event, we must construe tax exemptions strictly in favor of taxation (*Quad Cities Open*, 208 Ill. 2d at 507), and Best Buy has a "very heavy" burden to establish that it is entitled to an exemption (*Provena Covenant*, 236 Ill. 2d at 388). Since we must (1) give the Act a "practical and common-sense construction" (internal quotation marks omitted) (*Hartney*, 2013 IL 115130, ¶ 25), (2) give "substantial weight and deference" to the Department's interpretation of its regulations and enabling statute (internal quotation marks omitted) (*id.* ¶ 16), and (3) consider the Department's audit determination *prima facie* evidence of the correct amount of tax due (35 ILCS 120/4 (West 2018)), we are compelled to hold that Best Buy has failed to meet its burden to show the transactions at issue are exempt from taxation. The circuit court, therefore, did not err in granting the Department's motion for summary judgment and denying Best Buy's motion.

¶ 26    Nonetheless, Best Buy attempts to avoid this result by citing various unrelated "private letter rulings," "general information letters," and a "compliance alert" that the Department has issued. Those statements, however, do not bind the Department and have no persuasive weight. See 2 Ill. Adm. Code 1200.110 (2017) (private letter rulings); 2 Ill. Adm. Code 1200.120 (1993)

(general information letters); 2 Ill. Adm. Code 1200.130 (2017) (Department publications); see also *Kean*, 235 Ill. 2d at 370. In addition, Best Buy's reliance upon section 130.1951 of Title 86 of the Illinois Administrative Code is meritless: that section only applies in enterprise zones and fails to define when a built-in appliance is "physically incorporated into the real estate." See 86 Ill. Adm. Code 130.1951 (2015).

¶ 27                    The Uniformity Clause of the Illinois Constitution

¶ 28     Finally, Best Buy contends that the assessment of sales tax in this case violates the uniformity clause of the Illinois Constitution, which provides in relevant part as follows: "In any law classifying the subjects or objects of non-property taxes ***, the classes shall be reasonable and the subjects and objects within each class shall be taxed uniformly. Exemptions *** and other allowances shall be reasonable." Ill. Const. 1970, art. IX, § 2. Best Buy argues that there is no real and substantial distinction between (1) a business acting exclusively as a construction contractor and (2) one acting as both a retailer and construction contractor. Best Buy also claims that there is no authority for the Department to "discriminate against larger businesses in this way."

¶ 29     Statutes carry a strong presumption of constitutionality, and we have a duty to uphold the constitutionality of a statute if reasonably possible. *Arangold Corp. v. Zehnder*, 204 Ill. 2d 142, 146 (2003). A party challenging a nonproperty tax classification carries the burden of rebutting that presumption and clearly establishing the statute's unconstitutionality. *Id.* Furthermore, we must afford broad latitude to the legislature with respect to its classifications for tax purposes. *Allegro Services, Ltd. v. Metropolitan Pier & Exposition Authority*, 172 Ill. 2d 243, 250 (1996). If a set of facts can be reasonably conceived that would sustain the classification, we must uphold it. *Geja's Cafe v. Metropolitan Pier & Exposition Authority*, 153 Ill. 2d 239, 248 (1992) (citing *Illinois Gasoline Dealers Ass'n v. City of Chicago*, 119 Ill. 2d 391, 403 (1988)).

¶ 30    To survive scrutiny under the uniformity clause, a nonproperty tax classification must pass the "*Searle* test," *i.e.*, it must (1) be based on a real and substantial difference between the people taxed and those not taxed and (2) bear some reasonable relationship to the object of the legislation or to public policy.  See *Searle Pharmaceuticals, Inc. v. Department of Revenue*, 117 Ill. 2d 454, 469 (1987).  A court, however, does not require perfect rationality as to each and every taxpayer.  See *Geja's Cafe*, 153 Ill. 2d at 252.  "The uniformity clause was not designed as a straitjacket for the General Assembly"; to the contrary, the clause merely ensures minimum standards of reasonableness and fairness between groups of taxpayers.  *Id.*  We review the constitutionality of a statute *de novo*.  *Arangold*, 204 Ill. 2d at 146.

¶ 31    In this case, the Act meets both prongs of the *Searle* test.  First, there is a real and substantial difference between a retailer such as Best Buy, which primarily sells appliances to the end user and whose installation services are merely incidental to the sale of the appliance, and a construction contractor (or other entity who meets the exemption requirements of section 1940(c)), which provides a service for which the appliance is merely incidental.  Best Buy cites a June 2015 "Compliance Alert" issued by the Department to support its claim that a business can act as a retailer and construction contractor simultaneously.  See Ill. Dep't of Revenue, Compliance Alert (June 2015), https://www2.illinois.gov/rev/research/publications/compliancealerts/Documents/ ca-2015-14.pdf [https://perma.cc/5KQ3-E42Y].  This, however, does not change the outcome.  Setting aside the propriety of citing a general agency publication as authority (see Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018)), whether an entity can act as a retailer and contractor at the same time is irrelevant.  The Act applies based upon the substance of the transaction and not the taxpayer's subjective characterization.  We further note that the 2015 alert specifically rejected the precise argument Best Buy makes in its statutory challenge.  The first prong is thus met.

¶ 32    As to the second prong, it is well established that the intent of the Act is to tax "the last transfer for a consideration." *Modern Dairy Co. v. Department of Revenue*, 413 Ill. 55, 67 (1952). This intent is not discriminatory, nor is it discriminatory to exempt sales that are merely "incidental to the performance of services." *Id.* The Department does not have to provide perfect rationality; instead, it must merely ensure "minimum standards" of reasonableness. *Geja's Cafe*, 153 Ill. 2d at 252. Furthermore, we must accord broad latitude to the legislation as to its tax classifications (*Allegro Services*, 172 Ill. 2d at 250) and reject constitutional challenges to statutes if reasonably possible (*Arangold*, 204 Ill. 2d at 146). Under these circumstances, we are compelled to hold that the Act is constitutional. Best Buy's final claim of error is thus without merit.

¶ 33                                    CONCLUSION

¶ 34    The circuit court did not err in finding that Best Buy's sale of certain appliances is not exempted from the retail occupancy tax despite Best Buy's subsequent installation of those appliances. The Department's imposition of the retail occupancy tax on these sales does not violate the uniformity clause of the state constitution.

¶ 35    Affirmed.

**No. 1-19-1680**

| | |
|---|---|
| **Cite as:** | *Best Buy Stores, L.P. v. Department of Revenue*, 2020 IL App (1st) 191680 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2017-L-050591; the Hon. Michael F. Otto, Judge, presiding. |
| **Attorneys for Appellant:** | David A. Hemmings and Robert M. Galloway, of Baker & McKenzie LLP, of Chicago, and Scott L. Brandman and David A. Pope, of Baker & McKenzie LLP, of New York, New York, for appellant. |
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Caleb Rush, Assistant Attorney General, of counsel), for appellees. |
| *Amicus Curiae*: | Leonard A. Gail, Paul J. Berks, and Suyash Agrawal, of Massey & Gail LLP, of Chicago, for *amicus curiae* Coalition of Independent Appliance Sellers. |