2023 IL App (1st) 220350

SIXTH DIVISION
Filing Date May 26, 2023

No. 1-22-0350

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| STEVEN OWEN, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| | ) | Cook County. |
| v. | ) | |
| | ) | No. 19 CH 12892 |
| THE VILLAGE OF MAYWOOD, | ) | |
| | ) | The Honorable |
| Defendant-Appellee. | ) | Anna Helen Demacopoulos, |
| | ) | Judge, Presiding. |

_____

JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.
Justices C.A. Walker and Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff, Steven Owen, appeals from the circuit court's entry of summary judgment in favor of defendant, Village of Maywood (Village), on his breach of contract and declaratory judgment action. Plaintiff, a former firefighter who was injured in the line of duty and was pensioned in 2015, sought family insurance coverage for his wife, whom he married in May 2019, pursuant to a collective bargaining agreement (CBA). On appeal, plaintiff contends that the circuit court erred by (1) finding that defendant did not have to provide family health

insurance for his spouse, and (2) denying his claim for damages under the Wage Payment and Collection Act (Wage Payment Act) (820 ILCS 115/1 *et seq.* (West 2018)) and attorney fees under the Attorneys Fees in Wage Actions Act (Wage Actions Act) (705 ILCS 225/0.01 *et seq.* (West 2018)). For the following reasons, we affirm.

¶ 2                                   I. BACKGROUND

¶ 3                                   A. Factual Background

¶ 4       The underlying facts are not in dispute. Plaintiff was employed as a firefighter/EMT for defendant from August 12, 2002, until he was injured in the line of duty on January 5, 2014. On August 17, 2017, the circuit court of Cook County found that plaintiff was entitled to a line of duty disability pension, retroactive to October 11, 2015.

¶ 5       The firefighter's union and defendant executed a CBA on June 2, 2015, which provided, among other things, benefits for firefighters who sustained line of duty disabilities. As part of his disability pension, plaintiff received payments for his healthcare premiums under article 16 of the CBA. Article 16, titled "Pension Benefits," provides in relevant part:

> "The Village shall pay the medical insurance premiums for employees injured in the line of duty. Upon certification of the Maywood Fireman's Pension Board that the employee is being pensioned with an on-the-job medical pension pursuant to Illinois State Statutes, the Village agrees to pay the entire amount of the individual or, where applicable, family medical insurance in an amount not to exceed the cost paid by the Village for the employee and his dependents in this category.
>
> In the event an employee receives a pension other than a duty related medical disability pension from the Maywood Fireman's Pension Board, the Village agrees to pay 50% of

the medical insurance in an amount not to exceed the cost paid by the Village on the date pensioned."

¶ 6    The CBA was valid from May 1, 2014, until April 30, 2018. The CBA provided that it would continue in effect every year thereafter unless terminated by the parties; however, the record does not contain information as to whether or when the CBA was subsequently terminated.

¶ 7    Plaintiff got married on May 11, 2019, and requested that his insurance coverage be changed from single coverage to family coverage. On June 6, 2019, the Village, through its attorney, denied plaintiff's request.

¶ 8    B. Procedural Background

¶ 9    Plaintiff filed his initial complaint for breach of contract and declaratory judgment on November 6, 2019. The complaint was dismissed on defendant's motion on August 20, 2020, and plaintiff was given leave to refile. Plaintiff filed his first amended complaint on September 10, 2020. Count I alleged breach of contract for defendant's refusal to provide family health care benefits for plaintiff's wife and stepchild under the CBA. Count II sought a declaratory judgment for attorney fees under the Wage Actions Act because plaintiff made a demand for payment of the health insurance premiums to defendant in writing at least three days before the action was brought. Count III sought a declaratory judgment for the health insurance premiums as benefits that plaintiff was entitled to as part of his compensation under article 16 of the CBA. Plaintiff sought the amount paid for family insurance premiums from May 2019 through the resolution of the case, in addition to his attorney fees.

¶ 10    Defendant filed a section 2-615 (735 ILCS 5/2-615 (West 2020)) motion to dismiss the first amended complaint on October 8, 2020. However, the circuit court denied the motion to

dismiss on December 17, 2020. Subsequently, the parties filed cross-motions for summary judgment on December 6, 2021.

¶ 11    Plaintiff argued that his motion for summary judgment should be granted because the language of the CBA did not limit the coverage to an amount "on the date pensioned" for line of duty disability claims like his. Conversely, the CBA did limit the benefit coverage for nonduty disability claims to "an amount not to exceed the cost paid by the Village on the date pensioned." Plaintiff maintained that the Village did not have a valid excuse for its refusal to pay his family health care premiums because it was undisputed that he suffered a duty related disability entitling him to benefits of the contract and the CBA was clear and unambiguous that defendant was responsible for the premiums for single or "where applicable, family medical insurance." Plaintiff asserted that family coverage became applicable when he got married and thus he was entitled to summary judgment.

¶ 12    Defendant, on the other hand, contended in its motion for summary judgment that it was entitled to summary judgment because plaintiff's right to single postemployment health insurance coverage under the CBA became fixed when he was granted his line of duty disability pension and he had no vested right to change plans to family coverage four years later after he got married. Defendant further noted that the CBA that granted plaintiff's benefits expired prior to plaintiff's marriage. Additionally, defendant argued that even if plaintiff was entitled to change his postemployment health insurance plan, postemployment health insurance premiums were not wages earned, due, and owing under the Wage Actions Act nor was the Wage Payment Act implicated because postemployment health insurance benefits were not wages or earned benefits. Defendant maintained that plaintiff was no longer an employee of the Village and no longer covered by the CBA when he got married and requested

a change to his postemployment health insurance benefits more than three years after receiving such benefits.

¶ 13    After a hearing on the motions, the circuit court granted summary judgment in defendant's favor on plaintiff's first amended complaint on February 17, 2022, "for the reasons stated in open court." Plaintiff filed his timely notice of appeal on March 14, 2022.

¶ 14                                II. ANALYSIS

¶ 15    On appeal, plaintiff contends that the circuit court erred by (1) finding that defendant did not have to provide family health insurance for his spouse and (2) denying his claim for damages under the Wage Payment Act (820 ILCS 115/1 *et seq.* (West 2018)) and attorney fees under the Wage Actions Act (705 ILCS 225/0.01 *et seq.* (West 2018)).

¶ 16                            A. Standard of Review

¶ 17    This case is before us on the entry of summary judgment in defendant's favor after the parties filed cross-motions for summary judgment. Since the parties filed cross-motions for summary judgment, they conceded that no material questions of fact existed and that only a question of law existed that the court could decide based on the record. *Best Buy Stores, L.P. v. Department of Revenue*, 2020 IL App (1st) 191680, ¶ 12. However, the mere filing of cross-motions for summary judgment does not conclusively establish that there is no issue of material fact, nor is the circuit court obligated to enter summary judgment for either party. *Id.*

¶ 18    Summary judgment is appropriate where there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. *Nine Group II, LLC v. Liberty International Underwriters, Inc.*, 2020 IL App (1st) 190320, ¶ 34; 735 ILCS 5/2-1005(c) (West 2020). A genuine issue of material facts exists where the facts are disputed or where reasonable minds could draw different inferences from the undisputed facts. *Nine Group II*, 2020 IL App

(1st) 190320, ¶ 34. Summary judgment is a drastic measure and should be granted only if the movant's right to judgment is free and clear from doubt. *Id.* In appeals from summary judgment rulings, our review is *de novo*. *Id.* We review the judgment, not the reasoning of the circuit court, and we may affirm on any grounds in the record, regardless of whether the circuit court relied on those grounds or whether its reasoning was correct. *Best Buy*, 2020 IL App (1st) 191680, ¶ 12.

¶ 19     We further note that plaintiff has not filed a report of proceedings from the hearing on the cross-motions for summary judgment. However, this does not preclude our review because we are considering only materials included in the appellate record and we are reviewing the ruling and not the reasoning of the circuit court. *Harlin v. Sears Roebuck & Co.*, 369 Ill. App. 3d 27, 31-32 (2006).

¶ 20                                B. Interpretation of the CBA

¶ 21     Here the parties dispute the meaning of the terms contained in the CBA. The interpretation of a contract presents a question of law subject to *de novo* review in accordance with the general rules applicable to contract interpretation. *Ritacca Laser Center v. Brydges*, 2018 IL App (2d) 160989, ¶ 15. Our primary goal in interpreting a contract is to give effect to the intent of the parties. *Id.* When the words of a contract are clear and unambiguous, they must be given their plain, ordinary, and popular meaning. *Id.* When the language of the contract is susceptible to more than one reasonable meaning, it is ambiguous, and the court can consider extrinsic evidence to determine the parties' intent. *Id.* However, the parties' disagreement on the meaning of a contract term does not, by itself, make that term ambiguous. *Id.* Rather, ambiguity arises only when the language has more than one reasonable interpretation. *Id.*

¶ 22    In this case, plaintiff contends that the terms of the CBA entitled him to family insurance when he got married. He argues that defendant admits that the intent of the CBA was to provide continued health care coverage for firefighters and their families who were injured in the line of duty, similar to those provided in the Public Safety Employee Benefits Act (820 ILCS 320/1 *et seq.* (West 2020)). Plaintiff's argument hinges on the use of the word "continue" in relation to coverage for an injured employee or his family. He points to language within article 16 of the CBA that provides for continued benefits for employees injured in the line of duty and their families and argues that the language does not limit coverage to an amount "on the date pensioned" for line of duty disability claims. Instead, plaintiff maintains that because article 16 did not provide an explicit limitation for insurance benefits to the date pensioned in the line of duty disability provision, when he married in May 2019, family coverage became applicable. As such, it was a breach of contract for defendant to deny family coverage under the CBA.

¶ 23    We have reviewed the CBA and conclude that plaintiff's argument is without merit. As noted above, the applicable paragraph in article 16 of the CBA reads as follows:

"The Village shall pay the medical insurance premiums for employees injured in the line of duty. Upon certification of the Maywood Fireman's Pension Board that the employee is being pensioned with an on-the-job medical pension pursuant to Illinois State Statutes, the Village agrees to pay the entire amount of the individual or, where applicable, family medical insurance in an amount not to exceed the cost paid by the Village for the employee and his dependents in this category."

¶ 24    Plaintiff argues that there is no language in that paragraph limiting full coverage of his health insurance premiums to the date his pension began. Instead, he claims that because the

paragraph provides for individual coverage or family coverage where applicable, he was entitled to change his medical coverage once he got married. Plaintiff's interpretation of that provision is incomplete as it completely ignores the beginning of the sentence at issue.

¶ 25     Contrary to plaintiff's interpretation, the sentence at issue in article 16 of the CBA reveals that there is a condition precedent, or limiting language, at the beginning of the sentence, which establishes the vesting period for benefits to employees who receive on-the-job medical pensions. Specifically, the sentence begins as follows: "[u]pon certification of the Maywood Fireman's Pension Board that the employee is being pensioned with an on-the-job medical pension." That wording establishes a contingency for the vesting of health insurance premiums for employees with on-the-job medical pensions, namely certification by the pension board that the employee will receive an on-the-job medical pension.

¶ 26     A condition precedent is defined as a condition in which performance by one party is required before the other party is obligated to perform. *Midwest Builder Distributing, Inc. v. Lord & Essex, Inc.*, 383 Ill. App. 3d 645, 668 (2007). When contracts contain express conditions precedent, strict compliance with such conditions is required. *Id.* It is well established where a contract contains a condition precedent, the contract does not become enforceable or effective until the condition is performed, or the contingency occurs. *Id.*

¶ 27     We cannot ignore the clear contingency at the beginning of the sentence, despite plaintiff's arguments. Where a contract is unambiguous, its express provisions govern and its language, as a whole, is to be given its plain and ordinary meaning. *O'Shield v. Lakeside Bank*, 335 Ill. App. 3d 834, 839 (2002). The parties' intent is ascertained from this clear language, and the parties' rights under the contract are limited by the terms expressed therein. *Id.* Here, the express provision in article 16 of the CBA which governs the payment of health insurance

premiums for employees with on-the-job medical pensions requires a certification by the Pension Board before defendant is obligated to pay. Further, the language "where applicable" in relation to family medical insurance clearly refers to the applicable status at the time of the certification. This is further apparent when the entire provision is read as a whole. Article 16 further states, in addition to the condition precedent, that it would pay medical insurance for pensioned employees "in an amount not to exceed the cost paid by the Village for the employee and his dependents in this category." The CBA provides in article 15 that defendant pays 85% of the medical insurance costs of full-time employees and the employee is responsible for paying 15%. As noted above, plaintiff was single throughout his employment and remained so at the time he was pensioned. Adopting plaintiff's interpretation of article 16 would make defendant's cost for plaintiff's pension medical insurance costs exceed the cost paid, which would be a direct contradiction to that provision. Plaintiff's interpretation would render this language meaningless. Agreements are interpreted as a whole, giving meaning and effect to every provision when possible, and a court will not interpret the agreement in a way that would nullify provisions or render them meaningless. *Regency Commercial Associates, LLC v. Lopax, Inc.*, 373 Ill. App. 3d 270, 275 (2007).

¶ 28    We therefore conclude that the plain and ordinary meaning of article 16 is that the applicable period for the calculation of payment of the medical insurance premiums is when the pension board certifies that the employee will receive an on-the-job medical pension per the plain language of the contract. Plaintiff was unmarried when his pension status was certified in 2017 as an on-the-job medical pension (retroactive to October 2015). As such, defendant was obligated to fully pay his individual medical insurance premiums, which it has done and continues to do. Plaintiff's marriage in May 2019 occurred several years after the

certification of his pension status. Under the provisions of article 16, plaintiff was not entitled to change from individual to family medical insurance because such status was not applicable when the certification was made. He was single at the time of certification and did not marry until after the applicable CBA expired, and thus there was no way for him to create or establish a new right to family coverage.

¶ 29    We conclude as a matter of law that defendant did not have a contractual obligation to reimburse plaintiff for family medical insurance premiums paid since 2019 and that summary judgment was properly granted in defendant's favor on count I of the first amended complaint.

¶ 30    C. Plaintiff's Remaining Claims Under the Wage Payment Act and Wage Actions Act

¶ 31    Plaintiff's remaining claims fall under the Wage Payment Act and the Wage Actions Act. Specifically, plaintiff contends that the difference between the single and family health insurance premiums qualified as wages due under the Wage Payment Act (820 ILCS 115/2 (West 2018)), and additionally that he is entitled to attorney fees under the Wage Actions Act (705 ILCS 225/1 (West 2018)) because this was an action for wages. We disagree.

¶ 32    The purpose of the Wage Payment Act is to provide employees with a cause of action for the timely payment of earned wages or final compensation. *Majmudar v. House of Spices (India), Inc.*, 2013 IL App (1st) 130292, ¶ 11. To establish a claim under the Wage Payment Act, a plaintiff must show that wages or final compensation are due to him as an employee from an employer under an employment contract or agreement. *Id.* Payments to separated employees are termed "final compensation," which is defined as wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement. *Id.*

¶ 33     Similarly, the Wage Actions Act applies to actions for wages earned, due and owing according to the terms of employment and allows an employee to recover reasonable attorney fees. 705 ILCS 225/1 (West 2018)).

¶ 34     Plaintiff is not entitled to relief under either statute. It goes without saying that a person cannot recover wages, final compensation, or wage supplements to which they were not entitled or that the employer was not obligated to pay. See *McCaffrey v. Village of Hoffman Estates*, 2021 IL App (1st) 200395, ¶ 50. Here, as discussed above, plaintiff was not entitled to have defendant pay health insurance premiums for his family based on his subsequent marriage because he was not married at the time his pension benefits vested. Because plaintiff was not entitled to have defendant pay family health insurance premiums under the CBA, his claim under the Wage Payment Act fails as a matter of law.

¶ 35     It follows then that plaintiff's claim under the Wage Actions Act is also precluded as defendant did not owe plaintiff any wages or other earned benefits under the terms of the CBA. We therefore conclude that summary judgment was properly entered on plaintiff's claims in counts II and III of the first amended complaint.

¶ 36                                    III. CONCLUSION

¶ 37     For the foregoing reasons, we affirm the circuit court's entry of summary judgment in favor of defendant against plaintiff and the denial of plaintiff's cross-motion for summary judgment.

¶ 38     Affirmed.

*Owen v. Village of Maywood*, 2023 IL App (1st) 220350

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-CH-12892; the Hon. Anna Helen Demacopoulos, Judge, presiding. |
| **Attorneys for Appellant:** | Thomas S. Radja Jr., of Collins Radja & Hartwell, of Palatine, for appellant. |
| **Attorneys for Appellee:** | Jason A. Guisinger, Colleen M. Shannon, and Michael T. Jurusik, of Klein, Thorpe & Jenkins, Ltd., of Chicago, and Michael J. McGrath, of Odelson, Sterk, Murphey, Frazier & McGrath, Ltd., of Evergreen Park, for appellee. |