NOTICE

Decision filed 10/04/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190434-U

NO. 5-19-0434

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| MARLON L. WATFORD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 16-MR-83 |
| | ) | |
| JAMES ROWE, JAMIE BOYD, NANCY NICHOLSON, and BOBBI WHEELER, | ) | |
| | ) | Honorable |
| | ) | Eugene E. Gross, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Moore and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the Randolph County circuit court's dismissal of the plaintiff's complaint because the plaintiff's Freedom of Information Act request to the Kankakee County State's Attorney's Office requested discovery materials that were the subject of a discovery order in the plaintiff's postconviction proceedings in the Kankakee County circuit court. Furthermore, the plaintiff was not entitled to an award of attorney fees, costs, or a civil penalty. Finally, the Randolph County circuit court did not abuse its discretion in denying the plaintiff's motion for default judgment.

¶ 2    Plaintiff, Marlon L. Watford, appeals from the Randolph County circuit court's

dismissal of his complaint filed pursuant to section 11 of the Freedom of Information Act

1

(FOIA) (5 ILCS 140/1 *et seq.* (West 2016)) and the denial of his motion for default judgment. For the reasons that follow, we affirm.

¶ 3                                     BACKGROUND

¶ 4    At all relevant times discussed herein, Watford was an inmate at Menard Correctional Center in Randolph County, serving a natural life sentence he received in his criminal case in Kankakee County, case No. 97-CF-578. At the time of the proceedings below in the Randolph County circuit court, postconviction proceedings regarding his criminal case were pending in the Kankakee County circuit court.

¶ 5    On May 21, 2012, Watford, acting *pro se*, filed a motion for discovery in his postconviction case in Kankakee County. In his motion for discovery, Watford sought "the complete autopsy reports and toxicology reports of Michael Calvin" and "a complete copy of all 412 discovery that the State tendered over during the complete course of [Watford's] trial." The Kankakee County State Attorney's Office (SAO) opposed Watford's discovery motion, arguing that Watford had no right to the materials he sought and alleged that Watford wished "to go on a fishing expedition." On February 26, 2016, the Kankakee County circuit court denied Watford's motion for discovery, finding that Watford had not shown "good cause" to grant his motion.

¶ 6    Thereafter, in April 2016, Watford sent a FOIA request to the SAO requesting, "a copy of all toxicology reports of Michael Calvin and a copy of all discovery documents from case number 97-CF-578." The SAO denied Watford's request in a letter, citing section 7(1)(a) of the FOIA (5 ILCS 140/7(1)(a) (West 2016)). The denial letter provided the following:

2

"1. **412 Disclosures.** 5 ILCS 140/7(1)(a) exempts information specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law. The records you have requested are the subject of a criminal prosecution that has remained an open file. Supreme Court Rules govern discovery in criminal felony cases (Supreme Court Rule 411). Supreme Court Rule 412 allows the court jurisdiction over disclosures. Disclosure is further prohibited under Supreme Court Rule 415. Supreme Court Rule 415(c) further requires that any materials furnished in a criminal case should remain in the exclusive custody of the attorney and be subject to other such terms and conditions that the court may provide. The State's Attorney risks running afoul of the jurisdiction of the presiding judge if it were to furnish 412 discovery materials outside of the court proceedings, without a court order to do so."

The SAO's denial letter further provided that Illinois Supreme Court Rule 201(b)(2) (eff. July 1, 2014) exempted any privileged communications or work product from disclosure. The SAO suggested that Watford direct his request to the "investigating agency" as the SAO was not "the originating agency of these reports." Finally, Watford was informed that he may seek review of the denial of his FOIA request with the Illinois Attorney General's Office or institute proceedings in the Kankakee County circuit court.

¶ 7    On September 27, 2016, Watford filed a *pro se* complaint pursuant to section 11 of the FOIA in the Randolph County circuit court. In his complaint, Watford alleged that the

3

SAO[1] improperly denied his FOIA request. Watford sought an order compelling the SAO to turn over the materials he had requested, as well as attorney fees, costs, and a civil penalty.

¶ 8    The next day, the Randolph County circuit court entered an order dismissing Watford's complaint *sua sponte*. The Randolph County circuit court found that Watford's suit was an attempt to "circumvent the Circuit Court of Kankakee County and to violate the discovery process." In its order, the Randolph County circuit court stated that Randolph County was not the proper venue to direct disclosure of material in Watford's Kankakee County case. The Randolph County circuit court further stated that the discovery issues should be addressed in Watford's Kankakee County case. Watford appealed.

¶ 9    On appeal, this court vacated the judgment of the Randolph County circuit court and remanded Watford's case for further proceedings because the circuit court prematurely dismissed Watford's complaint. See *Watford v. Boyd*, 2018 IL App (5th) 160468-U. This court noted that the *sua sponte* dismissal was entered before the expiration of the 30-day period for the SAO to file an answer. *Watford*, 2018 IL App (5th) 160468-U, ¶ 16. We further noted that there was no indication in the record that the SAO had been served with summons or a copy of the complaint, or even had actual notice of the filing of the complaint. *Watford*, 2018 IL App (5th) 160468-U, ¶ 16.

---

[1]At the time Watford filed his complaint, defendant Jamie Boyd was the Kankakee County State's Attorney, and defendant Bobbi Wheeler was a paralegal in the SAO's office. During the pendency of this case, defendant James Rowe became the Kankakee County State's Attorney, and defendant Wheeler was no longer employed at the SAO's office. Upon Watford's motion, defendants Rowe and Nancy Nicholson were substituted for defendants Boyd and Wheeler. For clarity's sake, we will refer to the defendants collectively as "the SAO," unless it is necessary differentiate the individual defendants.

4

¶ 10 On remand, Rowe was served with a summons on April 9, 2019. Thereafter, on May 22, 2019, Rowe filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619.1 (West 2018)). In his combined motion to dismiss, Rowe asserted that Watford's complaint must be dismissed pursuant to section 2-619(a)(9) of the Civil Code (735 ILCS 5/2-619(a)(9) (West 2018)) because the requested materials were exempt from disclosure pursuant to section (7)(1)(a) of the FOIA. Rowe argued that withholding materials pursuant to Rule 415(c) was proper because the rule precluded disclosure of the materials to Watford because he was not an attorney. Rowe further argued that Watford's access to the materials he sought had been limited by the Kankakee County circuit court, where Watford's postconviction proceedings were pending. Rowe contended that Watford "may not utilize FOIA to circumvent the [Kankakee County circuit court's] order in his criminal post-conviction proceeding by suing for the release of the same documents under FOIA."

¶ 11 As to Watford's claim for attorney fees, costs, and a civil penalty, Rowe asserted that Watford's claim must be dismissed pursuant to section 2-615 of the Civil Code (735 ILCS 5/2-615 (West 2018)) for failure to state a claim. Rowe contended that Watford had failed to allege that the SAO willfully or intentionally failed to comply with the FOIA. Rowe argued that it responded to Watford's FOIA request in a timely manner and cited the applicable exemptions that prevented disclosure of the materials sought. Rowe further argued that Watford was advised of his right to appeal to the Illinois Attorney General's Office or to institute proceedings in the circuit court. Finally, Rowe contended that Watford was a *pro se* plaintiff and not entitled to an award of attorney fees or costs. On July 3, 2019,

5

Watford filed a motion for an extension of time to respond to Rowe's motion to dismiss. The Randolph County circuit court granted Watford an additional 60 days to respond.

¶ 12    On August 9, 2019, Nicholson filed a motion to dismiss pursuant to section 2-615 of the Civil Code.[2] Nicholson argued that she was not a proper defendant in a FOIA action because she was an individual public employee, not a public body. Nicholson also adopted Rowe's motion to dismiss.

¶ 13    On August 12, 2019, Watford filed a motion for default judgment alleging that Rowe had failed to timely file an answer to Watford's complaint. Specifically, Watford argued that Rowe had 30 days to answer Watford's complaint but filed his motion to dismiss 13 days after the 30-day deadline. On August 19, 2019, the SAO filed a response in opposition to Watford's motion for default judgment. The SAO asserted that they had answered Watford's complaint by filing motions to dismiss and that default judgments are not favored. The SAO argued that Watford's motion for default judgment should be denied because he did not move for default judgment before Rowe filed his motion to dismiss.

¶ 14    On August 21, 2019, the Randolph County circuit court denied Watford's motion for default judgment. The Randolph County circuit court also granted the SAO's motion to dismiss filed on May 22, 2019, and dismissed Watford's complaint with prejudice.

¶ 15    On September 16, 2019, Watford filed a "Motion for Reconsideration" and a "Motion in Opposition to Motion to Dismiss." In his motion for reconsideration, Watford asserted that the Randolph County circuit court improperly dismissed Watford's complaint

---

[2]The record does not show that Nicholson was ever served. Nevertheless, Nicholson appeared and filed a motion to dismiss.

because he had not yet responded to the SAO's motion to dismiss. Watford argued that the dismissal order was entered before the expiration of the 60-day extension the circuit court had granted Watford to respond to the SAO's motion to dismiss. Watford also argued that his motion for default judgment should have been granted. In his opposition to the SAO's motion to dismiss, Watford argued that the circuit court should have denied the SAO's motion.

¶ 16    On September 18, 2019, the Randolph County circuit court entered an order granting Watford leave to file his opposition to the SAO's motion to dismiss. The order provided that after considering Watford's response, the circuit court determined that the requested materials were exempt from disclosure. The order further provided that:

> "As stated in the Order entered in this case on September 28, 2016, Plaintiff is an inmate at Menard Correctional Center serving a natural life sentence (commuted from death) in Kankakee County Case 97-CF-578. Plaintiff has (or had) pending a postconviction petition in the Kankakee County case. This action is an attempt to circumvent the Circuit Court of Kankakee County and to violate the discovery process."

The circuit court granted the SAO's motion to dismiss and dismissed Watford's complaint with prejudice. This appeal followed.

¶ 17                                        ANALYSIS

¶ 18    On appeal, Watford argues that the Randolph County circuit court erred in granting the SAO's motion to dismiss Watford's complaint. Specifically, Watford argues: (1) that the materials he sought in his FOIA request were not exempt from disclosure; (2) that the

7

Kankakee County circuit court discovery order did not preclude the disclosure of the materials he sought in his FOIA request; (3) that he sufficiently pled a cause of action for attorney fees, costs, and a civil penalty; and (4) that his motion for default judgment should have been granted.

¶ 19 Before considering whether the Randolph County circuit court properly dismissed Watford's complaint, we must set out the parameters of our review. Here, the SAO moved to dismiss Watford's complaint pursuant to section 2-619.1 of the Civil Code, which allowed the SAO to file a combined motion to dismiss pursuant to sections 2-619(a)(9) and 2-615. See 735 ILCS 5/2-619.1 (West 2018). The Randolph County circuit court's order provided that the circuit court granted the SAO's motion pursuant to section 2-619.

¶ 20 The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact early in the litigation. *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 28. A motion to dismiss pursuant to section 2-619(a)(9) permits the involuntary dismissal of an alleged claim that is barred by other affirmative matter that avoids the legal effect of or defeats the claim. *Special Prosecutor*, 2019 IL 122949, ¶ 28. The movant admits the legal sufficiency of the complaint but asserts that some affirmative matter defeats the claim. *Special Prosecutor*, 2019 IL 122949, ¶ 28. When ruling on a motion to dismiss pursuant to section 2-619, a court must interpret all pleadings and supporting documents in favor of the nonmoving party. *Special Prosecutor*, 2019 IL 122949, ¶ 28. "An affirmative matter is 'something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint.' " *Special Prosecutor*, 2019 IL

8

122949, ¶ 28 (quoting *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 486 (1994)). We review a dismissal under section 2-619 *de novo*. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). Furthermore, we may affirm the judgment of the circuit court on any basis that is supported by the record. *Stoll v. United Way of Champaign County, Illinois, Inc.*, 378 Ill. App. 3d 1048, 1051 (2008).

¶ 21 Here, the Randolph County circuit court found that the materials Watford sought in his FOIA request were exempt from disclosure and that Watford was attempting to circumvent the discovery order entered by the Kankakee County circuit court. We begin our analysis with the effect of the Kankakee County circuit court's discovery order.

¶ 22 During the pendency of Watford's FOIA suit in the Randolph County circuit court, postconviction proceedings were pending in Watford's criminal case in the Kankakee County circuit court. In postconviction proceedings, neither the civil discovery rules nor the criminal discovery rules apply. *People v. Fair*, 193 Ill. 2d 256, 264 (2000). Nonetheless, circuit courts have inherent discretionary authority to order discovery in postconviction proceedings. *Fair*, 193 Ill. 2d at 264. This authority, however, must be exercised with caution because postconviction proceedings afford only limited review of constitutional claims not presented at trial, and there is a potential for abuse of the discovery process in postconviction proceedings. *Fair*, 193 Ill. 2d at 264. Accordingly, the circuit court should allow discovery only after the postconviction petitioner has shown "good cause" for a discovery request. *Fair*, 193 Ill. 2d at 264-65.

¶ 23 The record shows that Watford filed a motion for discovery in his postconviction proceedings, and the SAO's office contested Watford's motion. The Kankakee County

9

circuit court, exercising its discretion, denied Watford's motion. In its order, the propriety of which is not before this court, the Kankakee County circuit court found that Watford had not shown good cause to grant his discovery request. Thereafter, Watford filed a FOIA request with the SAO for the same discovery materials he sought in his postconviction discovery motion. After the SAO denied his request, Watford initiated the proceedings below in the Randolph County circuit court.

¶ 24 In considering the circumstances of this case, we find that our supreme court's decision in *Special Prosecutor* provides considerable guidance. In that case, our supreme court analyzed the relationship between a FOIA request that conflicted with a court-ordered injunction. Our supreme court determined that "where a circuit court with personal and subject-matter jurisdiction issues an injunction, the injunction must be obeyed, however erroneous it may be, until it is modified or set aside by the court itself or reversed by a higher court." *Special Prosecutor*, 2019 IL 122949, ¶ 64. Accordingly, our supreme court held that "a lawful court order takes precedence over the disclosure requirements of [the] FOIA." *Special Prosecutor*, 2019 IL 122949, ¶ 66. As our supreme court further explained:

"The rule that a FOIA lawsuit may not be used to collaterally attack an injunction prohibiting disclosure of records does not mean that there is no remedy for the FOIA requestor. Rather, the requester must first have the court that issued the injunction modify or vacate its order barring disclosure. If the issuing court refuses, the FOIA requestor may challenge the refusal in a direct appeal rather than an impermissible collateral attack." *Special Prosecutor*, 2019 IL 122949, ¶ 67.

10

¶ 25 We find that our supreme court's analysis applies equally here. We observe that the Kankakee County circuit court did not issue an injunction prohibiting the disclosure of certain materials, as was the case in *Special Prosecutor*. Nevertheless, the Kankakee County circuit court did enter an order denying Watford's discovery request, finding that he had not shown good cause for the disclosure of the requested materials. It bears repeating, the propriety of the Kankakee County circuit court's order is not an issue before this court. The issue before this court is whether a person may use the FOIA to obtain discovery materials after his or her motion for discovery has been denied in a separate collateral proceeding that is still pending. Following our supreme court's guidance, we hold that the FOIA may not be used in this manner. Thus, the Randolph County circuit court properly dismissed Watford's complaint for this reason, and we need not address whether the requested materials were exempt under section 7(1)(a) of the FOIA.

¶ 26 Next, Watford contends that he sufficiently pled a cause of action for attorney fees, costs, and a civil penalty. Section 11(i) of the FOIA provides, in relevant part that, if a FOIA requester "prevails in a proceeding under this Section, the court shall award such person reasonable attorney's fees and costs." 5 ILCS 140/11(i) (West 2018). We have already determined that the Randolph County circuit court properly dismissed Watford's complaint, and thus, Watford was not entitled to an award of attorney fees or costs regardless of whether he pled a sufficient claim for such. See *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 40 (concluding that the circuit court did not err in striking the plaintiff's request for attorney fees and costs, because the plaintiff did not prevail on his claim). Furthermore, Watford was not entitled to an award of attorney fees

11

because he incurred no attorney fees as a *pro se* litigant. *Garlick*, 2018 IL App (2d) 171013, ¶ 40. As for civil penalties, section 11(j) of the FOIA allows the circuit court to impose a civil penalty upon a public body if the court determines that the public body "willfully and intentionally failed to comply with [the FOIA], or otherwise acted in bad faith." 5 ILCS 140/11(j) (West 2018). The record in this case does not show that the SAO intentionally or willfully failed to comply with the FOIA or otherwise acted in bad faith. Accordingly, we find that the Randolph County circuit court did not err in dismissing Watford's complaint as it related to his request for attorney fees, costs, and a civil penalty.

¶ 27    Finally, Watford contends that the Randolph County circuit court erred in denying his motion for default judgment. A circuit court may enter a default judgment for want of an appearance or for failure to plead. 735 ILCS 5/2-1301(d) (West 2018). Although a court may enter a default judgment for these reasons, default judgment is a drastic measure, not to be encouraged and to be employed as a last result. *Rockford Housing Authority v. Donahue*, 337 Ill. App. 3d 571, 573-74 (2003). The law prefers that controversies are decided on the parties' substantive rights. *Godfrey Healthcare & Rehabilitation Center, LLC v. Toigo*, 2019 IL App (5th) 170473, ¶ 39. We review a circuit court's ruling on a motion for default judgment for an abuse of discretion or a denial of substantial justice. *Jackson v. Bailey*, 384 Ill. App. 3d 546, 548 (2008).

¶ 28    Here, Rowe was served on April 9, 2019, and Nicholson was never served. The summons indicated that Rowe was required to appear and plead within 30 days of the service of the summons. On May 22, 2019, 13 days after the 30-day deadline, Rowe filed his appearance and motion to dismiss. No motion for default judgment had been filed at

12

this time. Nicholson joined Rowe's motion to dismiss on August 9, 2019, despite never having been served. Watford filed his motion for default judgment on August 12, 2019, 82 days from the date Rowe filed his motion to dismiss.

¶ 29 We find that the circumstances of this case are akin to that of *Bland v. Lowery*, 43 Ill. App. 3d 413 (1976). In *Bland*, the defendants filed their appearance and motion to dismiss 15 days after the 30-day period to appear and plead. *Bland*, 43 Ill. App. 3d at 419. In those 15 days, the plaintiff did not move for default judgment. *Bland*, 43 Ill. App. 3d at 419. Instead, the plaintiff waited until five months after the motion to dismiss was filed before moving for default judgment. *Bland*, 43 Ill. App. 3d at 419. The appellate court found that the trial court did not abuse its discretion in denying the plaintiff's motion for default judgment. *Bland*, 43 Ill. App. 3d at 419. Likewise, we find that the Randolph County circuit court did not abuse its discretion in denying Watford's motion for default judgment. Both Rowe and Nicholson, even though she had not been served, appeared and pled before Watford moved for default judgment.

¶ 30 For the reasons stated herein, we affirm the judgment of the Randolph County circuit court.

¶ 31 Affirmed.

13