**Thomas Robert STIMAC, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants.**

Civ. A. No. 84–0031.

United States District Court,
District of Columbia.

Aug. 30, 1985.

Thomas Robert Stimac, pro se.

Melanie Ann Pustay, Office of Information and Privacy, U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

Plaintiff, Thomas Robert Stimac, brings this *pro se* action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and seeks access to records pertaining to Rita M. Stimac, maintained by four components of the Department of Justice: the Federal Bureau of Investigation (FBI), the Executive Office for United States Attorneys (EOUSA), the Criminal Division, and the Bureau of Prisons. By Memorandum Order dated October 25, 1984, the complaint was dismissed as to the Criminal Division and the Bureau of Prisons, leaving only plaintiff's claims against the FBI and EOUSA. This matter is presently before the Court on the following motions: plaintiff's motion for orders compelling discovery; plaintiff's request for production of documents; defendant's motion for a protective order; plaintiff's motion for access to *Brady* material; plaintiff's motion to compel preparation of a *Vaughn* Index; plaintiff's motions for summary judgment; and defendant's cross-motion for partial summary judgment with respect to the claim against the FBI. After an exhaustive review of the numerous matters pending in this case, the Court makes the following determinations.

The Court first turns its attention to the plaintiff's discovery motions and the defendants' motion for a protective order. After a review of the motions, the supporting and opposing memoranda, the Court determines that plaintiff's discovery motions must be denied and that defendants' motion for a protective order must be granted.

 The Court next considers plaintiff's motion for access to *Brady* material. Plaintiff's reliance on *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) is obviously misplaced and provides no authority for releasing material under FOIA. Such a motion is proper only in connection with a criminal proceeding. The FOIA statute is not intended to serve as a substitute for criminal discovery. *Fruehauf Corp. v. Thornton,* 507 F.2d 1253, 1254 (6th Cir.1974). Therefore, the Court determines that plaintiff's motion for access to *Brady* material must be denied.

 Plaintiff has also filed a motion to compel preparation of a *Vaughn* Index. On September 18, 1984, defendants filed under seal the declaration of FBI Special Agent D.F. Martell which recounts the chronology of the administrative processing of the FBI records responsive to plaintiff's FOIA request and sets forth a full explanation and justification for defendants' invocation of exemptions in accordance with the requirements of *Vaughn v. Rosen,* 484 F.2d 820, 827 (D.C.Cir.1973), *cert. denied* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). Therefore, plaintiff's motion to compel preparation of a *Vaughn* Index must be denied as moot with respect to plaintiff's claim against the FBI, such index having already been filed with the Court. With respect to a *Vaughn* Index in connection with plaintiff's claims against EOUSA, the Court determines that at this juncture of the instant litigation, the preparation of a *Vaughn* Index would be premature before the filing of dispositive motions. Because the court's resolution of any dispositive motions and affidavits which might be filed with regard to plaintiff's claim against EOUSA could moot a *Vaughn* Index motion, plaintiff's motion for preparation of a *Vaughn* Index will be denied without prejudice as untimely and premature. *British Airports Authority v. Civil Aeronautics Board,* 2 Gov't Disclosure Serv. (P–H) § 81,332 at 81,886 (D.D.C. Apr. 3, 1980). The filing of a dispositive motion, along with detailed affidavits, may obviate the need for indexing the withheld documents.

 The Court next turns its attention to the cross motions for summary judgment. Plaintiff's motions contain only his arguments that defendants have had ample time to locate the requested documents. In opposition, defendants have moved for partial summary judgment with respect to plaintiff's claims against the FBI. After giving careful consideration to the motions, the Court determines that defendants' motion for summary judgment with respect to the FBI must be granted. The Declaration of FBI Agent D.F. Martell sets forth a full explanation and justification for the FBI's invocation of Exemptions 3, 7(A), 7(C), 7(D), 7(E), and 7(F) of FOIA to withhold certain FBI records responsive to plaintiff's request. Based upon the Declaration and the entire record herein, the Court determines that there exists no genuine issue of material fact and that defendant FBI is entitled to judgment as a matter of law with regard to the FBI records at issue. Therefore, the Court will enter partial summary judgment in favor of the FBI, leaving only plaintiff's claim against EOUSA.

 Turning to plaintiff's claim against EOUSA, in defendants' memorandum of points and authorities in support of its motion for partial summary judgment, at footnote 1, defendants advised the Court that a motion to stay proceedings will be filed to enable EOUSA to process plaintiff's request in a timely and equitable fashion given the backlog of other FOIA requests received by EOUSA prior to plaintiff's request. The Court notes that this motion to stay has not been filed. In view of the length of time that has passed since plaintiff's original request for these documents, the Court is of the opinion that EOUSA has

**214**

had ample time to process plaintiff's request.

Therefore, based upon the foregoing, and upon consideration of the various motions, the supporting and opposing memoranda, and after a full review of the entire record, the Court will enter a separate order ordering the following actions:

1. that plaintiff's discovery motions be denied;

2. that defendant's motion for protective order be granted;

3. that plaintiff's motion for access to *Brady* material be denied;

4. that plaintiff's motion to compel preparation of a *Vaughn* Index with respect to plaintiff's claims against the FBI be denied as moot;

5. that plaintiff's motion to compel preparation of a *Vaughn* Index with respect to plaintiff's claims against EOUSA be, and it hereby is, denied without prejudice as untimely and premature;

6. that plaintiff's motion for summary judgment be denied;

7. that defendants' motion for summary judgment with respect to plaintiff's claims against the FBI be granted;

8. that judgment be entered in favor of defendant FBI on that portion of plaintiff's claim against the FBI;

9. that within twenty (20) days of the date of this order, defendant shall file any dispositive motions and supporting affidavits with respect to plaintiff's one remaining claim against EOUSA;

10. that within twenty (20) days of the filing of defendant's motion, plaintiff shall file his opposition and any appropriate cross motion with respect to his one remaining claim against EOUSA;

11. that within ten (10) days after the filing of plaintiff's motion, defendant shall file any memorandum in opposition to plaintiff's motion or in further support of its own motion.