Mir Aimal KANSI, Plaintiff,

v.

**U.S. DEPARTMENT OF JUSTICE, et al., Defendants.**

No. CIV.A. 97–2544(JR).

United States District Court, District of Columbia.

July 17, 1998.

*MEMORANDUM*

ROBERTSON, District Judge.

Plaintiff was convicted of the murder of two CIA agents in the Commonwealth of Virginia and now sues under the Freedom of Information Act to compel production by the Department of Justice and the Federal Bureau of Investigation of documents pertaining to himself. The FBI searched at its Headquarters and its Washington Field Office for documents responsive to plaintiff's FOIA request and identified 14,281 pages, including sub-files, exhibits, cassettes and optical disks.

The FBI initially released 26 pages of public source materials to the plaintiff, and it released 74 additional pages with the Davis declaration. Davis Decl., Ex. I. Six hundred fifty-seven pages categorized as public source materials have not been released because the plaintiff has not paid the duplicating fee of $65.70 pursuant to 28 C.F.R. §§ 16.10, 16.47. Davis Decl. ¶ 59. The FBI claims protection under FOIA Exemption 7(A) with respect to the remaining 13,524. *Id.* at ¶ 4

Plaintiff demands the release of the remaining documents. Both parties have moved for summary judgment.[1] For the reasons stated below, summary judgment will be awarded to the defendant.

### *Analysis*

*Fee status*

▮ Plaintiff asserts that he is entitled to a fee waiver under 5 U.S.C. § 552(a)(4)(iii). But plaintiff failed to raise this issue in his complaint and failed to explain, in his original FOIA request, what public interest would be served by a fee waiver. His demand for a fee waiver is too late. *See National Treasury Employees Union v. Griffin,* 811 F.2d 644, 648 (D.C.Cir.1987).

*Exemption 7(A)*

FOIA Exemption 7(A) allows a government agency to withhold requested documents if they are investigatory files compiled

Gerald I. Fisher, Fisher & Hansen, Washington, DC, for Plaintiff.

Charles F. Flynn, Assistant U.S. Attorney, Washington, DC, for Defendants.

1. In compliance with *Bevis v. Department of State,* 801 F.2d 1386 (D.C.Cir.1986), the FBI has submitted a declaration and categorical description of the documents at issue. The specificity of that declaration is not challenged.

for law enforcement purposes whose release "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Plaintiff's submission is that some of the withheld documents were not compiled for law enforcement purposes, and that none of them presents a threat to pending or future enforcement proceedings.

#### a. Compiled for law enforcement purposes

■ Plaintiff contends that documents created before the crime was committed (January 25, 1993) could not have been "compiled for law enforcement purposes." Pltf. Resp. at 10. He asserts further that documents created by the Department of State could not have been compiled for law enforcement purpose because that agency has no independent law enforcement authority. But once they are assembled by the FBI for its law enforcement purposes, all documents qualify for protection under Exemption 7 regardless of their original source. *See John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 148–149, 155, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989).

#### b. Law enforcement proceeding

■ Plaintiff asserts that, because his trial has already taken place, there is no pending "law enforcement proceeding." Pltf. Resp. at 6–7. But Exemption 7(A) applies to law enforcement proceedings that are *pending or prospective. See Butler v. Department of the Air Force*, 888 F.Supp. 174, 183) (D.D.C. 1995). Plaintiff's case is still on appeal. The potential for interference with witnesses and highly sensitive evidence that drives the 7(A) exemption, *see NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978); *North v. Walsh*, 881 F.2d 1088, 1097 (D.C.Cir.1989) (listing cases), exists at least until plaintiff's conviction is final. *See Helmsley v. Department of Justice*, No. 90–CV–2413 (D.D.C., September 24, 1992) (Hogan, J.) (investigation still pending for purposes of Exemption 7(A) when there is a motion for a new trial).

#### c. Harm

■ Documents compiled for law enforcement purposes may be subject to FOIA

disclosure even if law enforcement proceedings are pending if the agency has not demonstrated that their disclosure could reasonably be expected to cause identifiable harm. *See Butler*, 888 F.Supp. at 183. Defendants argue that disclosure of these documents would damage the preservation and gathering of evidence and endanger witnesses. In response, plaintiff submits, first, that revealing evidence that might exonerate him or mitigate his sentence, far from causing harm, would generally serve the interests of justice. *Id.* at 7–8. And under a second, corollary argument, plaintiff contends that the information he seeks may be exculpatory and (because of *Brady v. Maryland*) cannot properly be characterized as harmful. *Id.* at 9–10. These arguments, which at any rate do not address the potential harm ·to the investigation, both fail. A convicted prisoner gains no extra rights to access to records properly withheld under FOIA. *See N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n. 10, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); *Stimac v. Department of Justice*, 620 F.Supp. 212, 213 (D.D.C.1985).

Plaintiff goes on to argue that because his federal criminal prosecution was transferred to state court, release of the documents cannot affect the interest of either defendant. Pltf. Resp. at 8. This unsupported argument must be rejected. It would render unprotected all law enforcement documents compiled by federal agencies and later given to state agencies and would substantially swallow the 7(A) exemption. *Cf. Robbins Tire & Rubber Co., supra.* Plaintiff's final argument, that harm in the form of witness tampering cannot occur because witnesses have already testified at the trial, Pltf. Resp. at 8–9, is unavailing because plaintiff's conviction is not final.

#### d. Waiver of Exemption 7(A) privilege

■ Plaintiff theorizes that, if defendants voluntarily disclosed documents to the Commonwealth's Attorney during the criminal trial, they waived the protection of Exemption 7(A). Pltf. Resp. at 11. The plaintiff, however, had the burden of proving that information was actually disclosed to a third party, *see Davis v. Dep't of Justice*, 968 F.2d

1276, 1279–82 (D.C.Cir.1992), and he has not adduced evidence of such disclosure nor pointed to anything in the record establishing that it happened.

In any case, "disclosure" from a federal law enforcement agency to a state prosecutor has not been held to be a waiver. The existence of waiver depends both on the "circumstances of the prior agency disclosure and on the particular exemptions claimed." *Carson v. DOJ*, 631 F.2d 1008, 1016 n. 30 (D.C.Cir.1980). *Weisberg v. Department of Justice* applied Exemption 7(A) to a collaborative effort between state police and federal agents. 489 F.2d 1195, 1198 (D.C.Cir.1973).[2]

An appropriate order accompanies this memorandum.

### *ORDER*

Before the court are the parties' cross-motions for summary judgment. Upon consideration of the entire record, and for the reasons set forth in the accompanying memorandum, it is this 16th day of July, 1998,

**ORDERED** that defendants' motion for summary judgment [# 18] is **granted** and plaintiff's motion for summary judgment [# 19] is **denied**. It is

**FURTHER ORDERED** that plaintiff's motion to strike the in camera affidavit of Bradley J. Garrett [# 19–2] is **granted.**

This case is **dismissed.**

**2.** The plaintiff moves to strike the *in camera* declaration of Special Agent Garrett. Pltf. Resp. at 12–13. Since I have ruled for the government on the merits of this motion without Special Agent Garrett's declaration, the motion to strike will be granted.