2023 IL App (1st) 221815-U

THIRD DIVISION
December 20, 2023

No. 1-22-1815

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| DANIEL MAKIEL, | ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2021 CH 05621 |
| | ) | |
| KIMBERLY FOXX, in her official capacity as STATE'S ATTORNEY of COOK COUNTY; | ) | |
| | ) | |
| | ) | |
| | ) | Honorable Cecilia A. Horan, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court.
Justices Lampkin and Van Tine concurred in the judgment.

**ORDER**

¶ 1    ***Held:***    The trial court erred in granting defendant's motion for summary judgment because defendant failed to demonstrate that plaintiff's request of certain records were exempt from disclosure pursuant to section 7(1)(d)(i) of the Illinois Freedom of Information Act. Reversed and remanded.

¶ 2    Plaintiff Daniel Makiel filed a complaint for declaratory judgment and injunctive relief against defendant Kimberly Foxx in her capacity as the State's Attorney of Cook County, Illinois. Plaintiff sought in part a declaration that section 7(1)(d)(i) of the Illinois Freedom of Information

Act (FOIA)[1] (5 ILCS 140/7(1)(d)(i) (West 2020)) did not exempt defendant Foxx from disclosing various documents related to a separate criminal case involving Makiel's codefendant. Defendant filed a motion for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1005 (West 2022)), which the trial court granted. Plaintiff now appeals *pro se* from the trial court's order granting the State's summary judgment motion. Plaintiff contends in part that the trial court erred in finding that section 7(1)(d)(i) of FOIA allows for a "blanket exemption" from disclosing the records. For the following reasons, we reverse the judgment of the circuit court and remand this cause for further proceedings.

¶ 3                                    BACKGROUND

¶ 4      Plaintiff is currently incarcerated. He was convicted of the armed robbery and first-degree murder of Katherine Hoch and received consecutive sentences of 60 years' and natural life imprisonment, respectively. See *People v. Makiel*, 263 Ill. App. 3d 54 (1994).

¶ 5      On December 6, 2018, plaintiff filed a motion for leave to file a successive petition for postconviction relief.[2] Plaintiff claimed in part that the State, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), failed to disclose that Alan Martin, a witness who placed plaintiff at the scene of the murder, "acted as a paid informant to set up drug cases against co-defendant Todd Hlinko."

¶ 6      On January 4, 2021, plaintiff submitted a FOIA request to the State's Attorney's Office of Cook County seeking various records in *People v. Hlinko*, No. 89CR7496(01). With the exception of trial transcripts, plaintiff requested all "reports, records, statements, forensic results, memorandum [*sic*], recordings (video and audio) and motions filed." On January 19, 2021, the

---

[1] For clarity, we refer to the Illinois Freedom of Information Act herein as either "FOIA" or "Illinois FOIA" and the federal Freedom of Information Act solely as "federal FOIA."

[2] The online docket of the trial court—of which this court may take judicial notice (see, *e.g.*, *People v. Grau*, 263 Ill. App. 3d 874, 876 (1994))—indicates that the hearing on plaintiff's successive postconviction petition was extended "by agreement" to January 19, 2024.

State responded that, since plaintiff had an active postconviction petition pending in the trial court, the requested records were exempt from disclosure pursuant to section 7(1)(d)(i) of FOIA because disclosure of the material would interfere with those proceedings. The State's response did not claim the request was "unduly burdensome" and thus also exempt pursuant to section 3(g) of FOIA.

¶ 7    On November 5, 2021, plaintiff filed a complaint seeking a declaratory judgment that section 7(1)(d)(i) of FOIA was inapplicable to his request. Plaintiff sought injunctive relief directing the State to provide plaintiff with either the requested material or alternatively an index specifying which exemptions apply.

¶ 8    On January 24, 2022, the State filed a motion for summary judgment pursuant to section 2-1005 of the Code. The State argued that disclosure of the documents would "substantially alter" state laws governing postconviction discovery and that it could substantially delay the adjudication of plaintiff's postconviction proceeding. The State further argued that plaintiff's motion for leave to file a successive postconviction petition was still pending in the trial court and that this proceeding is a "law enforcement proceeding" for purposes of FOIA. Finally, the State argued that granting plaintiff's request would necessarily interfere with a pending law enforcement proceeding (namely, his pending motion for leave to file a successive postconviction petition) because the trial court's ruling on discovery matters in a postconviction proceeding is not appealable until the trial court has finally adjudicated the postconviction petition, whereas the trial court's ruling on whether the State must disclose records pursuant to FOIA is immediately appealable. The State thus concluded summary judgment in its favor was warranted because granting plaintiff's FOIA request "would expand post[]conviction discovery law." The State did not attach any affidavits to its motion.

¶ 9    On October 25, 2022, the trial court granted the State's motion, finding that the records plaintiff requested were exempt from FOIA. This appeal follows.

¶ 10                                    ANALYSIS

¶ 11    On appeal, plaintiff contends that the trial court erroneously granted defendant's motion for summary judgment. Plaintiff argues, in relevant part, that section 7(1)(d)(i) of FOIA does not allow for a "blanket application" exempting disclosure based upon an assertion that disclosure would interfere with contemplated law enforcement proceedings.

¶ 12    Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2022). Summary judgment is a drastic measure and should only be granted when the moving party's right to judgment is "clear and free from doubt." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). To determine whether there is a genuine issue of material fact, we construe the pleadings, depositions, admissions, and affidavits strictly against the moving party and liberally in favor of the opponent. *Id.* at 131-32. Unsupported conclusions, opinions, or speculation, however, will not raise a genuine issue of material fact. *Id.* at 132.

¶ 13    This case requires that we interpret certain sections of FOIA. The foundational principles of statutory interpretation are well established. When construing a statute, our goal is to "ascertain and give effect to the intent of the legislature." *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009). This inquiry begins with the language of the statute, "the best indicator of legislative intent." *Id.* We presume that the General Assembly did not intend absurdity, inconvenience, or injustice. *Carver v. Sheriff of La Salle County*, 203 Ill. 2d 497, 508 (2003). Words should be given their plain and obvious meaning unless the legislative act changes that meaning. *Hartney Fuel Oil Co. v. Hamer*, 2013 IL 115130, ¶ 25. In giving meaning to the words and clauses of a

statute, no part should be rendered superfluous. *Id.* Statutory provisions should also be read in concert and harmonized. *Id.* If further construction of a statute is necessary, a court may consider similar and related enactments. *Id.*

¶ 14    Consistent with these principles, "[w]hen a novel FOIA issue arises regarding the Illinois FOIA statute, Illinois courts often look to cases citing the federal FOIA statute [citation] for interpretation, due to the similarity of the statutes." *State Journal-Register v. University of Illinois Springfield*, 2013 IL App (4th) 120881, ¶ 21 (citing *Harwood v. McDonough*, 344 Ill. App. 3d 242, 248 (2003)); but see *Kelly v. Village of Kenilworth*, 2019 IL App (1st) 170780, ¶ 44 (noting that, "while the federal FOIA provides an exemption where disclosure 'could' interfere with enforcement proceedings (5 U.S.C. § 552(b)(7)(A) (2018)), the Illinois FOIA provides an exemption only where disclosure 'would' interfere with enforcement proceedings or obstruct an ongoing investigation (5 ILCS 140/7(1)(d)(i), (vii) (West 2016))") (citing *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir. 1998) (stating that, under the federal FOIA, the government need not establish that the release of a document would actually interfere with an enforcement proceeding)).

¶ 15    With respect to FOIA, our legislature has declared that the public policy in Illinois is that "all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of [FOIA]." 5 ILCS 140/1 (West 2022). Accordingly, pursuant to section 1.2 of FOIA, "[a]ll records in the custody or possession of a public body are presumed to be open to inspection or copying." 5 ILCS 140/1.2 (West 2022).

¶ 16    There are, of course, exemptions to this presumption. Our legislature has thus directed that "[r]estraints on access to information, to the extent permitted by this Act [FOIA], are *limited exceptions* to the principle that the people of this State have a right to full disclosure of information

relating to the decisions, policies, procedures, rules, standards, and other aspects of government activity that affect the conduct of government and the lives of any or all of the people. The provisions of this Act shall be construed in accordance with this principle." (Emphasis added.) 5 ILCS 140/1 (West 2022). Among the exemptions set forth in FOIA are records in the possession of any law enforcement agency for law enforcement purposes, but "only to the extent that disclosure would interfere with pending or actually and reasonably contemplated law enforcement proceedings conducted by any law enforcement *** agency ***." 5 ILCS 140/7(1)(d)(i) (West 2022). The public entity claiming an exemption from disclosure has the burden to prove that claim by clear and convincing evidence. *Id.*; 5 ILCS 140/11(f) (West 2022).

¶ 17     Section 11(a) of FOIA provides that anyone who is denied access to "inspect or copy any public record by a public body may file suit for injunctive or declaratory relief." 5 ILCS 140/11(a) (West 2022). Section 11(f) states that, in any such action, the court "shall conduct such *in camera* examination of the requested records as it finds appropriate to determine if such records or any part thereof may be withheld under any provision of" FOIA. 5 ILCS 140/11(f) (West 2022). Section 11(f) reiterates that the public body claiming an exemption has the burden of proving the exemption by clear and convincing evidence. *Id.* Although our supreme court has held that *in camera* review is "the most effective way for a public body to objectively demonstrate" that the claimed exemption applies (*Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 471 (2003)), a public body may also meet its burden of proving a statutory exemption through affidavits, in which case the court need not review the documents at issue *in camera*. See *id.* at 469. Nonetheless, the court has cautioned that "affidavits will not suffice if the public body's claims are conclusory, merely recite statutory standards, or are too vague or sweeping." *Id.*

¶ 18     We review a trial court's entry of summary judgment *de novo*. *Best Buy Stores, L.P. v. Department of Revenue*, 2020 IL App (1st) 191680, ¶ 12 (citing *Outboard Marine*, 154 Ill. 2d at

102). The interpretation of a statute is a question of law that we also review *de novo*. *Id.* ¶ 17 (citing *Hartney Fuel Oil*, 2013 IL 115130, ¶ 16).

¶ 19    Here, plaintiff does not dispute that the records in question were in possession of a law enforcement agency for law enforcement purposes. Plaintiff, however, argues in part that his motion for leave to file a successive postconviction petition is not a "law enforcement proceeding," and that the State may not rely upon section 7(1)(d)(i) of FOIA for a "blanket" exemption from the entire investigative file. The State responds in part that a blanket exemption is warranted because it "necessarily" interferes with plaintiff's postconviction proceedings.

¶ 20    At the outset, we reject plaintiff's claim that his motion for leave to file a successive postconviction petition is not a law enforcement proceeding. Specifically, plaintiff argues in reply that the phrase "law enforcement proceedings conducted by any law enforcement *** agency" in section 7(1)(d)(i) of FOIA would not comprise his motion for leave to file a successive postconviction petition because he "initiated" the proceedings. We disagree. Here, the State is actively resisting plaintiff's motion, which could eventually include a motion to dismiss or other actions to defeat plaintiff's motion. To hold as plaintiff wishes would result in the exemption in section 7(1)(d)(i) *never* being available to the State when a convicted individual files a postconviction petition or other collateral attack. We may not presume the legislature intended such an absurd result. See *Carver*, 203 Ill. 2d at 508. Plaintiff's claim is thus meritless.

¶ 21    With respect to whether plaintiff's FOIA request will interfere with a pending law enforcement proceeding, the trial court's reliance upon *Johnson v. F.B.I.*, 118 F. Supp. 3d 784 (E.D. Pa. 2015), provides guidance to this court. In that case, the plaintiff was an investigator for the Philadelphia Federal Community Defender Office (the federal defender). *Id.* at 788. The federal defender represented an individual, Odell Corley, regarding his postconviction motion to "vacate, set aside, or correct his sentences." *Id.* at 788-89. The plaintiff filed a federal FOIA

7

request with defendant on behalf of Corley seeking all records concerning the FBI's investigation of the offense for which Corley had been convicted. *Id.* at 789.

¶ 22    The FBI initially refused, claiming that the requested material was "located in an investigative file exempt from disclosure pursuant to [federal] FOIA Exemption 7(A)."[3]  The plaintiff appealed the FBI's decision to the Department of Justice Office of Information Policy ("OIP"), which remanded plaintiff's request to the FBI for further processing. *Id.* at 789. Following remand, the FBI located approximately 5,827 pages of potentially responsive records and 23 electronic media items. *Id.*  The FBI subsequently released a total of 181 pages in part. *Id.* The FBI again stated that certain information was exempt pursuant to, *inter alia*, exemption 7(A) because the requested material "was located in an investigative file exempt from disclosure pursuant to [federal] FOIA Exemption 7(A)." *Id.*  The plaintiff appealed for a second time to the OIP, which affirmed the FBI's refusal and found that the information was exempt from disclosure under exemption 7(A). *Id.*  The plaintiff then filed a complaint with the district court. *Id.*

¶ 23    The parties subsequently filed cross-motions for summary judgment, and the FBI cited, *inter alia*, exemption 7(A) as a basis for its position. *Id.*   According to the district court, the FBI also produced "declarations by two agents familiar with the FBI's records and record-keeping practices *** to that effect." *Id.*  The plaintiff argued that the FBI's "invocation of Exemption 7(A) as a categorical exemption is inappropriate." *Id.*

¶ 24    Although the court found that the disclosure of previously undisclosed information "could" reasonably lead to interference with enforcement proceedings, the court further stated that the FBI did not "adequately assert[] Exemption 7(A) categorically." *Id.* at 794.  After noting that the types

---

[3] Exemption 7(A) permits an agency to withhold records "compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information *** could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

of harm articulated in one of the FBI's declarations was contingent upon the assumption that the information was not already public, the court determined that the applicability of the exemption depended upon " 'the subject matter which each individual record contains,' rather than 'upon the category of records.' " *Id.* at 795 (quoting *Church of Scientology of California v. I.R.S.*, 792 F.2d 146, 152 (D.C. Cir. 1986)). The court thus denied both motions for summary judgment and directed the bureau to either disclose the requested materials or provide the court with supplemental affidavits or declarations justifying the decision to withhold the materials. *Id.* at 800.

¶ 25 Here, by contrast, there is nothing in the record to indicate that the State provided sufficiently detailed affidavits or the documents themselves for an *in camera* inspection; rather, the State baldly asserted that the *entire* investigative file would interfere with the proceedings. As in *Johnson*, however, plaintiff here has already been on trial, so we are in the dark as to what information, if any, has already been made publicly available. We therefore reject the State's argument and agree with this court's holding in *Kelly*, 2019 IL App (1st) 170780, ¶ 39, that section 7(1)(d) of FOIA does not authorize "a generic approach" of claiming a blanket exemption over an entire file, especially where, as here, potentially all of the information has already been disclosed publicly. Accord *Ballew v. Chicago Police Department*, 2022 IL App (1st) 210715, ¶ 24 ("Plaintiff argues that 'there is no blanket exemption [under section 7(1)(d) of FOIA] for records simply because an investigation is ongoing.' We agree."); see also *National Ass'n of Criminal Defense Lawyers v. Chicago Police Department*, 399 Ill. App. 3d 1, 12 (2010) (observing that it is "possible" but not likely that the disclosure of requested documents could compromise an ongoing investigation, "even with all identifying information redacted").

¶ 26 Since section 7(1)(d) does not permit blanket exemptions, defendants did not demonstrate that the scope of the exemption permitted by the trial court was appropriate here. Consequently, we must reverse the trial court's order granting defendant's motion for summary judgment and

remand this cause for further proceedings to determine whether the material requested is exempt under section 7(1)(d)(i) of FOIA.

¶ 27    Although the State cites numerous cases in support of its argument, none are availing. In *Watford v. Rowe*, 2021 IL App (5th) 190434-U, ¶ 23, the plaintiff filed a motion for discovery in his postconviction proceedings, which the trial court denied after having found that the plaintiff had not shown "good cause" to grant his discovery request, so the plaintiff *then* filed a FOIA request. Here, there is nothing in the record (nor does the State make this claim) to indicate that plaintiff is similarly attempting to circumvent the postconviction court's discovery order. In *Kansi v. U.S. Department of Justice*, 11 F. Supp. 2d 42 (D.D.C. 1998), the defendant allowed the release of over 750 pages of documents but claimed an exemption with respect to the remaining 13,524 pages, which the defendant supported with "a declaration and categorical description of the documents at issue." *Id.* at 43 n.1. Here, however, no such support on the part of defendant was presented to the trial court. Finally, in *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214 (1978), the court agreed with the federal appellate court that the amendment of the "[federal FOIA] Exemption 7 was designed to eliminate 'blanket exemptions' for Government records simply because they were found in investigatory files compiled for law enforcement purposes." *Id.* at 236. The court, however, disagreed that "no generic determinations of likely interference can ever be made." *Id.* The court instead held that, in the case before it, "prehearing disclosure of witnesses' statements would involve the kind of harm that Congress believed would constitute an 'interference' with NLRB enforcement proceedings: that of *giving a party litigant earlier and greater access to the Board's case than he would otherwise have*." (Emphasis added.) *Id.* at 241. No such risk is present in this case. *Watford*, *Kansi*, and *Robbins Tire* are therefore unavailing.

¶ 28                                  CONCLUSION

¶ 29    Section 7(1)(d)(i) of FOIA does not provide for the categorical assertion of an exemption from disclosure.  Defendant has provided no evidence to demonstrate that disclosing any of the records plaintiff requested would have interfered with a law enforcement proceeding.  Therefore, the trial court erroneously granted defendant's motion for summary judgment.  Accordingly, we reverse the judgment of the circuit court of Cook County and remand for further proceedings consistent with this opinion.

¶ 30    Reversed and remanded for further proceedings.