2025 IL App (1st) 231135
Opinion filed June 20, 2025

Sixth Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JAMAL TAYLOR, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 22CH7602 |
| THE COOK COUNTY STATE'S ATTORNEY'S | ) | |
| OFFICE, | ) | Honorable |
| | ) | Thaddeus L. Wilson, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE C.A. WALKER delivered the judgment of the court, with opinion.
Presiding Justice Tailor and Justice Gamrath concurred in the judgment and opinion.

**OPINION**

¶ 1    In 2019, Plaintiff-Appellant Jamal Taylor filed a postconviction petition claiming actual innocence based on newly discovered evidence. On May 29, 2022, Taylor submitted two records requests under the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq*. West 2022)) to Defendant-Appellee the Cook County State's Attorney's Office (CCSAO). The CCSAO claimed the records Taylor requested were exempt from disclosure under FOIA because his

postconviction proceedings were pending. Taylor initiated an action in the circuit court and both parties moved for summary judgment. The court granted CCSAO's motion for summary judgment and denied Taylor's, finding disclosure would interfere with pending law enforcement proceedings under FOIA section 7(1)(d)(i) (5 ILCS 140/7(1)(d)(i) (West 2022)). On appeal, Taylor argues CCSAO failed to prove the requested records were exempt. For the following reasons, we reverse the circuit court's order. On remand, we order CCSAO to comply with their burden under FOIA to produce the requested documents or justify application of section 7(1)(d)(i) by preparing an index and detailed affidavit explaining why disclosure of each document would interfere with pending or reasonably contemplated law enforcement proceedings.

¶ 2                                    I. BACKGROUND

¶ 3     In 2006, following a jury trial, the circuit court convicted Taylor of, *inter alia*, one count of first degree murder and sentenced him to 55 years imprisonment under case No. 04-CR-01554-01. On February 21, 2019, Taylor filed, with the circuit court, a motion to file a successive postconviction petition. The circuit court granted the motion and proceeded with Taylor's petition. On May 22, 2022, Taylor submitted two FOIA requests to CCSAO, seeking (1) "any and all subpoenas and warrants" and (2) "the entire case file" for case No. 04-CR-01554-01. On June 9, 2022, CCSAO denied both requests, stating the records requested were exempt under FOIA section 7(1)(d)(ii) as they "interfere with active administrative enforcement proceedings."

¶ 4     On August 4, 2022, Taylor filed a complaint against CCSAO, alleging that the office willfully and intentionally violated FOIA by failing to adequately search for records responsive to his requests. While his complaint was pending, Taylor filed a motion in his postconviction proceeding to compel the production of records and subpoenas related to his case. The postconviction court denied that motion on November 17, 2022. Taylor then moved for partial

summary judgment in the FOIA matter on February 2, 2023, arguing CCSAO did not prove the requested records were exempt from disclosure. CCSAO filed a cross motion for summary judgment on March 1, 2023. In their motion, CCSAO argued that the requested records would "interfere with a pending law enforcement proceeding" under FOIA section 7(1)(d)(i). CCSAO alleged that even if a postconviction proceeding is by itself not a "law enforcement proceeding," Taylor's requests are essentially a discovery request for his pending postconviction matter and cannot subvert the limited discovery rules under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)).

¶ 5     The record does not indicate that CCSAO submitted any documents to the circuit court for inspection. In their motion, CCSAO produced an affidavit from FOIA officer Jeanene Booker. In her affidavit, Ms. Booker states she received both of Taylor's FOIA requests in May 2022. Based on her knowledge and experience as a FOIA officer, Ms. Booker states she knew the responsive records would likely be within the special litigation unit, and she consulted with them accordingly. Ms. Booker then contacted Assistant States Attorney Carol Rogala regarding the requested records. Attorney Rogala informed Ms. Booker that the records were under review as part of ongoing postconviction proceedings. CCSAO then denied Taylor's requests pursuant to FOIA section 7(1)(d)(i).

¶ 6     On May 31, 2023, the circuit court granted CCSAO's motion for summary judgment and denied Taylor's motion. In its order, the court likened the matter to *National Labor Relations Board v. Robbins & Tire Co.*, 437 U.S. 214 (1978), where the United States Supreme Court considered whether the National Labor Relations Board properly refused to disclose prior statements of witnesses from whom they intended to call during a hearing. The board claimed disclosure of the statements would "interfere with enforcement proceedings" as stated in

Exemption 7(A) of the federal Freedom of Information Act (FOIA) (5 U.S.C. § 552(b)(7)(A) (1976)). *Robbins*, 437 U.S. at 216-17. The United States Supreme Court explained that disclosure of the statements ahead of the hearing would change the governing discovery rules as posited by the National Labor Relations Act (28 U.S.C. § 158(a)(1) (1976)) and force the board to alter its trial strategy through mechanisms likely to cause substantial delays. *Robbins*, 437 U.S. at 236-37.

¶ 7    Here, the circuit court noted that requiring disclosure of records in the same case Taylor filed a postconviction petition in would undermine the discretion of the court in that case to rule on discovery matters. This appeal followed.

¶ 8                                    II. JURISDICTION

¶ 9    Taylor appeals the circuit court's order of May 31, 2023, and filed his timely appeal on June 22, 2023. This court has jurisdiction to hear this appeal pursuant to Illinois Supreme Court Rule 303(a) (eff. July 1, 2017).

¶ 10                                    III. ANALYSIS

¶ 11   When parties file cross motions for summary judgment, they concede that no material questions of fact exist and invite the court to decide the remaining questions of law based on the record. *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. However, the mere filing of cross motions for summary judgment neither establishes that there is no issue of material fact nor obligates a court to render summary judgment. *Id.* Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2022). We review the circuit court's decision as to cross-motions for summary judgment *de novo*. *Schroeder v. Sullivan*, 2018 IL App (1st) 163210, ¶ 25.

¶ 12    On appeal, Taylor argues that (1) section 7(1)(d)(i) does not allow for a categorical withholding of his case file; (2) CCSAO cannot prove, at the time of denial, that his requests would have interfered with the postconviction matter; and (3) his postconviction matter is not a "law enforcement" proceeding as contemplated by section 7(1)(d)(i). All records in the custody or possession of a public body are presumed to be open to inspection or copying. 5 ILCS 140/1.2 (West 2022). Any public body asserting an exemption must prove by clear and convincing evidence that the withheld records are exempt. *Id.* Section 7(1) states that when a request is made to inspect or copy a public record that contains information exempt from disclosure, but also contains information not exempt, the public body may elect to redact the exempt information. *Id*. § 7(1). Subject to this requirement, section 7(1)(d)(i) states that records in the possession of any law enforcement or correctional agency are exempt from disclosure but only to the extent that disclosure would interfere with pending law enforcement proceedings conducted by any law enforcement agency that is the recipient of the request. *Id*. § 7(1)(d)(i).

¶ 13    The office of state's attorney is considered a "public body" for purposes of the Illinois FOIA and, as such, they must make their public records available for inspection and copying. *Nelson v. Kendall County*, 2014 IL 116303, ¶ 27. If a party seeking disclosure challenges the denial at the circuit court, the public body must provide a detailed justification for its claim of exemption and address the requested documents specifically and in a manner that allows for adequate adversary testing. *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 464 (2003). If the public body contesting disclosure can prove that a requested document falls within a category specifically exempted in section 7, the document is exempt from disclosure. *Ballew v. Chicago Police Department*, 2022 IL App (1st) 210715, ¶ 17. As previously stated, the public body asserting an exemption must prove by clear and convincing evidence that the withheld documents

are exempt. *Id.* A public body may meet its burden through affidavits in which case the court need not conduct an *in camera* inspection of the withheld documents. *Kelly v. Village of Kenilworth*, 2019 IL App (1st) 170780, ¶ 23. An affidavit is insufficient if the public body presents claims that are conclusory, overly vague, or sweeping or that merely recite statutory standards. *Id.* ¶ 24.

¶ 14    Taylor argues that the circuit court erred in likening this matter to *Robbins*. In *Robbins*, the United States Supreme Court reviewed Exemption 7(A) of the federal FOIA, which allowed the nondisclosure of "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would[1] *** interfere with enforcement proceedings." (Internal quotation marks omitted.) *Robbins*, 437 U.S. at 223. Taylor points to *Kelly*, 2019 IL App (1st) 170780, ¶ 46, where this court noted that the federal FOIA may allow for generic determinations with respect to the interference exemption, but the Illinois FOIA did not.

¶ 15    Taylor's argument has merit. In *Kelly*, this court noted while Illinois courts frequently consult federal FOIA jurisprudence to resolve questions on the Illinois FOIA, key differences lie between the two statutes. *Id.* ¶ 43. The *Kelly* court acknowledges that while the interference exception in the federal FOIA may allow the government to justify its withholdings by reference to generic categories of documents, the Illinois legislature clearly chose to handle records in a different manner. *Id.* ¶ 46. While a public body may prefer to claim exemptions over their entire files, rather than sift through thousands of documents to redact exempt matters, section 7(1)(d) does not authorize this approach. *Id.* ¶ 39. In a situation such as this, CCSAO could raise an "undue

---

[1]Congress amended 5 USC § 552(b)(7) in 1986, replacing the word "would" with "could." See Freedom of Information Reform Act of 1986, Pub. L. 99-570, § 1802(a), 100 Stat. 3207 (codified at 5 U.S.C. § 552(b)(7)). Section 7(1)(d)(i) of the Illinois FOIA retains the word "would," similar to the section of the federal FOIA cited in *Robbins*. See 5 ILCS 140/7(1)(d)(i) (West 2022).

burden" exemption under FOIA section 3(g) (5 ILCS 140/3(g) (West 2018)) or "be prepared to make the extensive redactions required by section 7(1)(d)." *Kelly*, 2019 IL App (1st) 170780, ¶ 49.

¶ 16 Here, the CCSAO claimed the entirety of Taylor's requests were exempt under section 7(1)(d)(i). Yet, as stated above, section 7(1)(d)(i) does not allow for generic exemptions over an entire file. The CCSAO did not produce any documents to the circuit court for *in camera* inspection and chose to rely on Ms. Booker's affidavit to meet their burden. Ms. Booker's affidavit does not detail which records in Taylor's case file were exempt from disclosure. Furthermore, the affidavit does not establish why the records were exempt, beyond noting they were under review due to a pending postconviction proceeding. While affidavits are accorded a presumption of good faith, they are insufficient if the public body presents claims that are conclusory. *Ballew*, 2022 IL App (1st) 210715, ¶ 19.

¶ 17 We find this court's ruling in *Makiel v. Foxx*, 2023 IL App (1st) 221815-U[2] persuasive. In *Makiel*, an incarcerated plaintiff filed a motion for leave to file a postconviction petition before submitting a FOIA request to CCSAO seeking various records related to the codefendant in his criminal case. *Id.* ¶¶ 5-6. CCSAO denied the request, claiming the records were exempt from disclosure pursuant to section 7(1)(d)(i), as disclosure would interfere with the plaintiff's active postconviction proceeding. *Id.* ¶ 6. The plaintiff filed suit and CCSAO filed a motion for summary judgment. *Id.* ¶¶ 7-8. CCSAO did not attach any affidavits to its motion, nor did it present any documents to the circuit court for *in-camera* inspection. *Id.* ¶¶ 8, 25. The circuit court granted the motion for summary judgment. *Id.* ¶ 8. On appeal, another panel of this court found that CCSAO neither provided sufficiently detailed affidavits, nor produced the documents for *in camera*

---

[2]Nonprecedential orders entered under Illinois Supreme Court Rule 23(b) on or after January 1, 2021, may be cited for persuasive purposes. Ill. Sup. Ct. R 23(e)(1) (eff. Feb. 1, 2023).

inspection. *Id.* ¶ 25. Instead, CCSAO asserted the entire file would interfere with the postconviction proceedings. *Id.* Following the approach in *Kelly*, the court found section 7(1)(d)(i) did not permit blanket exemptions, and CCSAO did not meet their burden that the records were exempt. *Id.* ¶ 29.

¶ 18 Compare the facts in *Makiel* to those in *Ballew*. In *Ballew*, the plaintiff submitted a FOIA request to the Chicago Police Department (CPD) regarding a homicide. *Ballew*, 2021 IL App (1st) 210715, ¶ 3. CPD partially responded to the request and disclosed redacted records, claiming the remaining records were exempt from disclosure under section 7(1)(d)(i), as the homicide was an ongoing investigation. *Id.* CPD attached an affidavit of the officer overseeing the investigation to its cross motion for summary judgment. *Id.* ¶ 9. The affidavit explained that the investigation was ongoing and the suspect was still at large and possibly connected to another unsolved homicide. *Id.* ¶ 21. Thus, releasing any requested documents before the investigation was complete would materially impact the investigation as CPD were still trying to identify witnesses. *Id.* This court found the affidavit provided clear and convincing evidence that the withheld records were exempt under section 7(1)(d)(i), as the affidavit explained the nature of the open investigation and how disclosure would interfere. *Id.* ¶ 22-23. The court further found that because CPD provided the original case incident report and explained which records were exempt, CPD did not attempt to assert a blanket exemption. *Id.* ¶ 24. The record did not indicate that CPD refused to review all responsive records before asserting their exemption. *Id.*

¶ 19 Here, the CCSAO's actions are akin to *Makiel* rather than *Ballew*. While the CCSAO provided an affidavit in its cross motion for summary judgment, it did not explain why the records Taylor requested were exempt. Instead, the affidavit merely concludes that all the records were covered by section 7(1)(d)(i) because Taylor had a pending postconviction proceeding. This

response indicates CCSAO refused to review all responsive records before asserting an exemption and amounts to the generic approach rejected by both *Ballew* and *Kelly*.

¶ 20    While a public body may meet its burden to show an exemption exists via affidavit, our supreme court reminds us that affidavits will not suffice to excuse the need for *in camera* inspection if the claims are conclusory, merely recite statutory standards, or are too vague or sweeping. *Illinois Education Ass'n*, 204 Ill. 2d at 471. We find the CCSAO failed to meet their burden to show the documents Taylor requested were exempt under FOIA section 7(1)(d)(i). Based on this finding, we do not address Taylor's alternative argument that the CCSAO cannot prove at the time of denial that his requests would have interfered with the postconviction matter.

¶ 21    Taylor next argues the circuit court erred when it found his postconviction proceeding was a law enforcement proceeding as contemplated by section 7(1)(d)(i). He claims the court incorrectly treated his postconviction petition as a law enforcement proceeding, even though a postconviction petition is civil in nature. Taylor points to *Griffith Laboratories U.S.A. v. Metropolitan Sanitary District of Chicago*, 168 Ill. App. 3d 341, 347-48 (1988), where this court found under a prior version of the Illinois FOIA that enforcement proceedings referred to activities "directed toward an active and concrete effort to enforce the law." Taylor asserts that the legislature's subsequent amendments to the Illinois FOIA makes *Griffith Laboratories* irrelevant, as the legislature eliminated enforcement proceedings generally. He also argues CCSAO does not "conduct" the postconviction proceeding as contemplated by section 7(1)(d)(i). Taylor's argument raises a question of statutory interpretation, which is a question of law we review *de novo*. *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 22.

¶ 22    Taylor's arguments are defeated by the legislative amendment and this court's analysis in *Makiel*. First, where the legislature amends a statute soon after a controversy arose as to the

interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original statute. *Mattis v. State Universities Retirement System*, 212 Ill. 2d 58, 83 (2004). In *Griffith Labs*, the court examined the federal FOIA for guidance on interpreting what was an "enforcement proceeding" under then Illinois FOIA section 7(c)(1). The court discussed *Moorefield v. United States Secret Service¸* 611 F.2d 1021 (5th. Cir. 1980), where the United States Court of Appeals for the Fifth Circuit reviewed the congressional record to define the term "enforcement proceeding" within the context of the federal FOIA. The *Moorefield* court found that " 'enforcement proceedings' correspond with 'law enforcement purposes,' " which include the "prevention as well as the detection and punishment of violations of the law." *Id.* at 1025. The court in *Griffith Labs* adopted the *Moorefield* court's analysis in interpreting section 7(c)(1) of the Illinois FOIA, stating that enforcement proceedings are activities directed toward an active and concrete effort to enforce the law. *Griffith Labs*, 168 Ill. App. 3d at 347.

¶ 23 The *Griffith Labs* court issued its ruling on March 24, 1988. *Id.* at 341. Less than six months later, on September 1, 1988, the Governor approved Public Bill 85-1357, where the Illinois General Assembly further clarified section 7(1)(c) of the Illinois FOIA, adding the word "law" in front of the phrase "enforcement proceedings." Pub. Act 85-1357 (eff. Jan. 1, 1989) (amending Ill. Rev. Stat. 1989, ch. 116, ¶ 207, now codified as 5 ILCS 140/7)). Hence, we find that the legislature intended for the term enforcement proceedings to align with our decision in *Griffith Labs*.

¶ 24 The Post-Conviction Hearing Act allows prisoners to assert that they suffered a substantial denial of their constitutional rights in the proceedings that resulted in their conviction. 725 ILCS 5/122-1(a) (West 2022). The Unified Code of Corrections defines a conviction as a sentence entered upon a verdict of guilty of an offense. 730 ILCS 5/5-1-5 (West 2022). Here, Taylor's petition challenges his murder conviction by a jury. If the legislature intended to limit "law

enforcement proceedings" in section 7(1)(d)(i) only to judicial hearings of a criminal nature, it would have done so. They did not, and we will not depart from the plain language of the statute to read any exceptions or limitations not consistent with the express legislative intent. *People v. Jones*, 2024 IL App (3d) 210414, ¶ 15.

¶ 25   Second, Taylor's assertion that the state's attorney does not conduct postconviction proceedings—as it typically defends them—is a roundabout argument that this court rejected in *Makiel*. In *Makiel*, the plaintiff argued his motion for leave to file a successive postconviction petition was not a law enforcement proceeding because he initiated the proceedings, and not the state's attorney. *Makiel*, 2023 IL App (1st) 221815-U, ¶ 20. As we found then, this argument would result in the State never being able to assert the exemption in section 7(1)(d)(i) when a convicted individual files a postconviction petition or other collateral attack. *Id.* We are not so bound to plain language statutory interpretations that we must rigidly follow a provision's language to such an absurd result. *People v. Pearson*, 2020 IL App (2d) 180182, ¶ 14.

¶ 26   Illinois courts have not previously addressed whether postconviction proceedings are law enforcement proceedings within the context of section 7(1)(d)(i). However, the General Assembly patterned the Illinois FOIA after the federal FOIA, and thus Illinois courts often look to federal caselaw construing the federal FOIA for guidance in construing the Illinois FOIA. *Chicago Sun-Times v. Chicago Transit Authority*, 2021 IL App (1st) 192028, ¶ 37 (citing *Special Prosecutor*, 2019 IL 122949, ¶¶ 54-55). Federal courts have found that postconviction motions qualify as law enforcement proceedings within the context of the federal FOIA. See *King v. United States Department of Justice*, Civil Action No. 09-1555 (HHK), 2009 WL 2951124, *6 (D.D.C. Sept. 9, 2009) ("[appellant]'s post-conviction motion is still pending and is therefore prospective, as is required for [an] application of [federal FOIA Exemption 7(A)]"); see also *Johnson v. Federal*

*Bureau of Investigation*, 118 F. Supp. 3d 784, 792-93 (E.D. Pa. 2015) ("[W]here there is a pending [postconviction] motion and the movant is seeking a new trial, the new trial constitutes a prospective enforcement proceeding that may implicate Exemption 7(A)").

¶ 27    In *Watford v. Rowe*, 2021 IL App (5th) 190434-U, during postconviction proceedings, the plaintiff filed a motion for discovery that the court denied because plaintiff had not shown "good cause" for discovery. Plaintiff then filed a FOIA request. Based on the Illinois Supreme Court's ruling in *In re Special Prosecutor*, the *Watford* court held it need not decide whether section 7(1)(d)(i) applied because it found that FOIA may not be used to obtain documents that a postconviction court has already denied the postconviction petitioner during discovery. The *Watford* court also reasoned that an order denying discovery in a postconviction case may not be circumvented in a collateral FOIA proceeding and found that one would have to appeal the postconviction court's ruling that denied the discovery. *Id.* ¶ 23.

¶ 28    We find that there is a distinction between *Special Prosecutor* and *Watford*. An order denying discovery for lack of good cause under the Post-Conviction Hearing Act, as was the case in *Watford* and here, is not the same as an order prohibiting the disclosure of documents, as was the case in *Special Prosecutor*. The FOIA request in *Special Prosecutor* was clearly a collateral attack on the injunction, whereas, here, the FOIA petitioner has not lodged a collateral attack on any injunction prohibiting the disclosure of the subject records. We note that FOIA has long been recognized as an alternative means to obtain documents from public bodies.

¶ 29    Federal courts note, however, for purposes of Exemption 7(A), the fact that a defendant in an ongoing criminal proceeding may obtain documents via FOIA that he could not procure through discovery does not in and of itself constitute interference. *North v. Walsh*, 881 F.2d 1088, 1097

(D.C. Cir. 1989). Rather, the government must show that disclosure of those documents would—in some discernable way—disrupt, impede, or otherwise harm the enforcement proceeding. *Id.*

¶ 30    While we find that a postconviction petition falls within the scope of section 7(1)(d)(i), CCSAO still bears the burden of proving the withheld documents were exempt from disclosure. *Ballew*, 2022 IL App (1st) 210715, ¶ 17. That did not happen here; therefore, summary judgment was improper. We hold that the pendency of a postconviction petition, in and of itself, is not sufficient to trigger the law enforcement exemption.

¶ 31    We note that during oral arguments, CCSAO acknowledged that if a third party had submitted a FOIA request for case file records rather than Taylor, then "it would not be denied; the State's Attorney would produce the file." CCSAO also acknowledged that if Taylor had sought the records under FOIA before he filed his postconviction petition, then his request would be granted so long as there was no postconviction petition pending, or at least the section 7(1)(d) exemption would not be asserted. CCSAO's interpretation would lead to the absurd result that a defendant who subsequently files a postconviction petition may not use FOIA to obtain his case file, but a third party could. Even if documents are limited in a postconviction proceeding, a FOIA request is not precluded unless the state explains why disclosure of each document or category of documents would interfere with pending or reasonably contemplated law enforcement proceedings. We remind CCSAO that all records in the custody or possession of a public body are presumed to be open to inspection or copying. 5 ILCS 140/1.2 (West 2022). Any public body asserting an exemption must prove by clear and convincing evidence that the withheld records are exempt. *Id.* Section 7(1) states that when a request is made to inspect or copy a public record that contains information exempt from disclosure, but also contains information not exempt, the public body may elect to redact the exempt information. *Id.* § 7(1).

¶ 32                                    IV. CONCLUSION

¶ 33   The circuit court erred in granting summary judgment where the CCSAO's affidavits in support of their motion merely recited the statutory standard, instead of explaining why Taylor's requested records were exempt. We reverse the circuit court judgment granting the CCSAO's motion for summary judgment. We remand the matter, ordering the CCSAO to comply with its burden under FOIA to produce the requested documents or justify application of section 7(1)(d)(i) by preparing an index and detailed affidavit explaining why disclosure would interfere with or in some way harm pending or prospective law enforcement proceedings.

¶ 34   Reversed and remanded with directions.

*Taylor v. Cook County State's Attorney's Office*, 2025 IL App (1st) 231135

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 22-CH-7602; the Hon. Thaddeus L. Wilson, Judge, presiding. |
| **Attorneys for Appellant:** | Matthew Topic, Josh Loevy, Merrick Wayne, and Shelley Geiszler, of Loevy & Loevy, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Eileen O'Neill Burke, State's Attorney, of Chicago (Cathy McNeil Stein, Jonathon D. Byrer, Paul Fangman, and Brett D. Schweinberg, Assistant State's Attorneys, of counsel), for appellee. |